BLANCHARD AND BLANCHARD *v.* WARE.

| 37 | 305 |
| 119 | 487 |
| 37 | 305 |
| 126 | 249 |

1. **Notice: LIS PENDENS: EFFECT OF JUDGMENT.** One purchasing real estate during the pendency of an action against his grantor, affecting the title, will be charged with constructive notice of the plaintiff's rights, and be bound by the judgment rendered in the action.

2. —— That his grantor fraudulently concealed the fact of the pendency of the action against him, will not change the rule.

3. —— The failure of the plaintiff to notify such purchaser of the action, and the judgment rendered therein, and that he had no knowledge thereof until the time for applying for a new trial and for filing his claim for improvements had passed, constitutes no sufficient ground for relief.

*Appeal from Poweshiek District Court.*

TUESDAY, OCTOBER 21.

THE plaintiffs filed in the Poweshiek district court, their petition in substance as follows:

That in 1870 they purchased the west half of section fourteen in township numbered seventy-nine north, of range number fifteen west, of W. D. Freeman, who was the owner thereof in fee simple, and that Freeman and plaintiffs, together, have fenced and broken one hundred and sixty-five acres of said land, and erected a dwelling-house and other substantial and permanent improvements thereon, of the value of sixteen hundred dollars.

That at the time of said purchase plaintiffs were, and ever since have been residents of the State of Illinois, and at said time a suit had been commenced and was pending by the defendant E. K. Ware, against said Freeman, to set aside the tax deed, by which the said Freeman held title to said lands, and under which for many years, he and his grantors had been in possession thereof, improving and cultivating the same.

That notice of the pendency of said suit had been served personally upon Freeman in the State of Illinois, and it appears by the record that Freeman, at the December term, 1869, appeared by counsel, Messrs. Seevers & Cutts, and took time to answer.

That plaintiffs had no knowledge or suspicion that any proceedings were being had, and were not informed thereof by Freeman, who fraudulently remained silent in relation to the same, and they never knew the same until in the month of July, 1872, when they, through their tenants, were ejected by a writ issued in the cause above stated; that they had been in possession from and after the judgment had been entered in said cause, and had paid the taxes thereon, and defendant had suffered them to remain in entire ignorance of his pretended claim and judgment until more than two years

after the date of said judgment, for the express purpose, by reason of lapse of time, of preventing these plaintiffs from applying for a new trial, or taking other steps to obtain a rehearing of said cause, and that this is the only reason that an application for that purpose was not sooner made.

That after Freeman sold said lands to plaintiffs he paid no further attention to the matter, and did not correspond with his attorneys, and they made no further appearance in the cause, and Freeman was adjudged to be in default for want of an answer, and a decree *pro confesso* was entered in the said cause. That no evidence was offered to sustain the allegations made in the petition, and that they were and are untrue, so far as they in any wise affect the title of plaintiffs.

That the acts of the defendant in obtaining said decree, and in keeping the same secret in the manner stated, for the purpose alleged, have prevented plaintiffs from filing a petition under the occupying claimant law, and by this means obtaining compensation for their improvements.

That such concealment upon his part, and such act in remaining silent and permitting plaintiffs to remain in ignorance of the existence of said decree, is in fraud of the rights of your petitioners and contrary to justice. Wherefore they ask that the said decree, entered in said cause, may be set aside and a new trial granted, and these plaintiffs, as the owners of said ands, be permitted to defend in said cause, and for general relief.

The defendant's demurrer to this petition was sustained. Plaintiffs appeal.

*Winslow & Wilson* for the appellants.

*Seevers & Cutts* for the defendants.

DAY, J. — We know of no equitable rule or principle which will afford the plaintiffs relief under the facts stated. At the time they purchased the lands in dispute an action had been commenced against their grantor to set aside his title, he had

been personally served with notice and had appeared and obtained time to plead.

Section 2842 of the Revision provides that : "When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof, as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed."

Plaintiffs purchased the land *pendente lite* and took the title subject to whatever results might follow the action then in progress to annul the title of their grantor.

It is said, however, that they had only constructive notice of the pending action, and that their grantor fraudulently concealed the fact that suit was instituted against him. Let this be granted. Is this any reason why Ware should be denied the benefits of that litigation ? It is not averred that he was guilty of any concealment or misrepresentation, or that he perpetrated any fraud in the procurement of the decree. He is in no way responsible for the failure of Freeman to prosecute his suit. And if Freeman did conceal material facts from his grantee, the defendant knew nothing of it, and had no connection with it, so far as the averments in the petition show.

If judgment had actually been rendered against Freeman, divesting his title, at the time he sold to plaintiffs, and he had concealed that fact and passed upon them a worthless title, it would scarcely be contended that that fact would give plaintiffs a standing in a court of equity as against this defendant, and we cannot see how plaintiff's equities are any better than in the case supposed.

It is clear that Freeman, the grantor, is bound by the decree and cannot have relief. Why then, under section 2842 of the Revision, are not plaintiffs equally bound? See *McGregor* v. *McGregor*, 21 Iowa, 441 ; *Ferier* v. *Buzick et al.*, 6 id. 258 ; *Cooly* v. *Brayton*, 16 id. 10 ; Story's Eq. Jur., § 405, and cases cited. But it is averred that the defendent fraudulently suffered them to remain in ignorance of his judgment,

whereby they were prevented from applying for a new trial and from filing their claim under the occupying claimant law for improvements. Fraud includes all acts, omissions and concealments which involve a breach of legal or equitable duty. Story's Jur., § 187, and cases cited. But defendant having commenced his action against the owner of the legal title and recovered judgment was under no legal or equitable obligation to notify the grantee *pendente lite* of the defendant that such judgment had been obtained. And his failure to do so constitutes no fraud. We do not say what would be the effect of an affirmative misrepresentation, or of some positive act whereby plaintiffs were prevented from moving for the protection of their rights. The petition does not allege any such positive act.

Further, it does not appear from the petition that the defendant, Ware, had any knowledge of the purchase of plaintiffs, or that, if he had such knowledge, that he knew or had reason to suppose them to be ignorant of the pendency of the suit against Freeman.

The demurrer was rightly sustained.

Affirmed.