## RONAN v. WILLIAMS.

1. **Pleading**: MITIGATION: JUSTIFICATION. A partial defense should be pleaded as such; and, in an action for damages, facts which tend to mitigate are not available for that purpose, if pleaded in justification.

2. ———: ———: RULE APPLIED. The defendant answered in an action for damages for assault and battery, that just previous to the assault the plaintiff had applied opprobrious epithets to defendant's mother and that he was thereby induced to commit the act under the impulse of great excitement. The plea was held bad on demurrer.

*Appeal from Allamakee Circuit Court.*

FRIDAY, DECEMBER 10.

THE plaintiff brings this action to recover damages for an assault and battery. There was a judgment for plaintiff from which defendant appeals. The facts of the case appear in the opinion.

*John T. Clark & Co.*, for appellant.

*Dayton & Dayton*, for appellee.

MILLER, CH. J.—The plaintiff's petition alleges that on the 17th day of October, 1874, the defendant committed upon him an assault and battery, for which he claims five hundred dollars damages.

The defendant answered, admitting the alleged assault and battery, and alleging that, immediately before committing the same, the plaintiff called defendant's mother a whore and a

bitch, and had previously circulated a report that the defendant's mother was a woman of bad character, and applied to her vile and opprobrious names, in the neighborhood of defendant's residence; that such report came to the knowledge of defendant immediately previous to making the assault, and that the said assault was committed under great mental excitement.

To this answer the court sustained a demurrer and this ruling is assigned as error. The ruling was right. The facts alleged constitute no defense to the action, for no words will justify an assault.

Any facts of which evidence is legally admissible may, in cases of this kind, be pleaded to mitigate or otherwise reduce 1. PLEADING: the damages. Code, section 2682. But when mitigation: justification. such facts are pleaded they must not be set up as a defense or justification, when they do not amount to that. They must be pleaded *as* mitigating circumstances, or as going to reduce the damages and not as a full defense. A partial defense of whatever character must be pleaded as such. *The Davenport Gas L. & Coke Co. v. The City of Davenport*, 15 Iowa, 6; *Martin v. Swearengen*, 17 Id., 346.

In the case before us the answer sets up the alleged provoking language spoken by the plaintiff as a defense—as a justification for the commission of the assault. They are not pleaded in mitigation of damages as they should be.

The judgment of the court below must be

AFFIRMED.