Blanchard et al. v. Ware.

BLANCHARD ET AL v. WARE.

1. **Notice:** JUDGMENT: LIS PENDENS. The purchaser of real estate will be charged with constructive notice of an action against the grantor affecting the title thereto, pending at the time of his purchase, and will be bound by a judgment therein rendered.

2. ———: ———: ———. A fraudulent concealment of the pendency of the action by the grantor will not avail the purchaser.

3. ———: ———: OCCUPYING CLAIMANT. The purchaser is bound at his peril to take notice of a writ of possession served upon his tenant, and is not entitled to relief if he fails to file his claim for improvements within the time fixed by statute.

*Appeal from Poweshiek District Court.*

WEDNESDAY, JUNE 14.

THE petition alleges in substance that, in March, 1870, plaintiffs purchased from W. D. Freeman certain land in Poweshiek county; that Freeman had been in possession of said land with title or under color of title for several years, and had in good faith made improvements to the value of $1,000; that at the time of plaintiffs' purchase an action of right for said land was pending, wherein defendant herein was claiming said land as against said Freeman; that plaintiffs had no knowledge of said action, being residents of the State of Illinois; that before purchasing of Freeman, plaintiffs made a careful examination of the records of the county, and such examination showed that there was nothing on record, or on file in any of the offices of the public officers, that tended to show that any action had been commenced by any one against said Freeman, or the said land; that before plaintiffs' purchase, *Freeman had entered an appearance to said action and was granted sixty days to answer.* The action was in this condition when plaintiffs purchased the land. At the next term of the court, Freeman failed to defend, and a judgment was entered awarding the land in question to Ware, the defendant herein; that after the rendition of said judgment, said Ware fraudulently prevented plaintiffs from knowing

that any suit had been commenced or decided, by preventing various persons from notifying them, and allowed plaintiffs to remain in ignorance of the existence of said judgment, and to remain in possession of said land until he perfected an arrangement with the tenant of plaintiffs, whereby plaintiffs could be dispossesed of said premises, and then caused a writ of possession to issue, and had plaintiffs' tenant removed, and immediately put him again in possession as his tenant, and that plaintiffs were in ignorance of any of the said acts of Ware until after the said writ of possession was served in July, 1872.

It is further alleged that, from the time of their said purchase until the writ of possession was served, plaintiffs supposed they had title, and in good faith made improvements on the said land to the amount in value of $2,000; that they did not avail themselves of the statute for the benefit of occupying claimants for the reason above stated, and they now ask judgment for the value of the improvements.

To this petition the defendant demurred. The demurrer was sustained, and plaintiffs appeal.

*Clark Varnum*, for appellants.

*Seevers & Cutts*, for appellee.

ROTHROCK, J.—At common law an occupying claimant could not recover in a separate action against one who held the superior title, whatever the good faith with which his improvements were made, nor whatever his color of title.

The plaintiffs in this case claim that they are entitled to recover in equity for the alleged fraudulent acts of the defendant, and by reason of the want of actual notice of the pendency of the suit of defendant against Freeman.

They purchased the land *pendente lite*, and are bound by the judgment and the service of the writ of possession, the same as Freeman would have been if he had not sold and conveyed the land. *Blanchard v. Ware*, 37 Iowa, 305. The facts relied on as constituting a fraudulent concealment of the pendency of the suit, we do not deem sufficient to entitle the plaintiff to the

relief demanded.  It is not alleged that Ware knew, before
the judgment was rendered in his favor, that Freeman had
conveyed to plaintiffs, and there is no allegation that Ware
concealed the pleadings in the case.  It is averred that a
careful search failed to disclose any record of the pendency of
the suit, but this absence of records is not charged as a fraud
upon Ware's part.  Further, the petition states that Freeman
appeared to said action before he sold the land to plaintiffs,
and was granted sixty days to answer.  How this extension
of time to answer was obtained without some record being
made we are unable to conceive.  However this may be, as
no fraudulent act is charged against Ware, we must hold that
he cannot be prejudiced by the failure of plaintiffs to discover
any record of said suit.  Holding then, as we do, that plain-
tiffs purchased pending the suit, and that they had construc-
tive notice thereof, and are bound by the judgment, we must
also hold that they were bound at their peril to take notice of
the service of the writ of possession, and make their claim
for improvements at the proper time under the provisions of
the occupying claimant law.

AFFIRMED.

SEEVERS, CH. J., having been of counsel in this cause, took
no part in its determination.