Tredway v. McDonald.

---

## TREDWAY v. McDONALD.

1. **Tax Deed: CODE OF 1851: ESTOPPEL.** Under the Code of 1851 a tax deed is required to be foreclosed as a mortgage to entitle the tax purchaser to possession, but it was *held* that such purchaser was estopped from maintaining an action to foreclose his deed, when he might have successfully interposed it as a defense in a former action.

2. **Notice : LIS PENDENS.** One purchasing real estate during the pendency of an action against his grantor, will be charged with constructive notice of the plaintiff's rights, and bound by the judgment rendered in the action.

3. **Pleading: STATUTE OF LIMITATIONS.** A party relying upon the statute of limitations must affirmatively show facts establishing his claim.

*Appeal from Woodbury District Court.*

WEDNESDAY, OCTOBER 8.

ONE William R. Henry, being the owner of certain real estate in Sioux City, conveyed the same to Mary E. Casady

on the 2d day of July, 1858. Mary E. Casady conveyed said premises to P. M. Casady on the 20th day of February, 1865. P. M. Casady conveyed to O. C. Tredway, March 14, 1865. O. C. Tredway conveyed to John M. Tredway, the plaintiff herein, on the 24th day of January, 1877. The city taxes upon said real estate were unpaid for the year 1859, and on the 31st day of July, 1860, the same was sold at tax sale by the marshal of said city to one George Weare, and on the 11th day of August, 1860, the said marshal made and delivered to said George Weare a tax deed in pursuance of said sale. On the 26th day of October, 1863, the said Weare made a quit-claim deed of said premises to said P. M. Casady.

On the 17th day of June, 1859, Sanborn & Follett filed a mechanic's lien upon said real estate for materials furnished for the erection of a building upon said premises. On the 8th day of May, 1860, Sanborn & Follett filed a petition in the district court of Woodbury county for the foreclosure of their mechanic's lien, and made Samuel H. Casady, Mary E. Casady and one J. W. Bosler defendants thereto. The original notice was placed in the hands of the sheriff for service on the 14th day of May, 1860, and was afterward duly served upon said parties defendant. On the 6th day of November, 1866, judgment was rendered against said Samuel H. Casady for the amount of said mechanic's lien, and a decree was entered against said Mary E. Casady foreclosing said mechanic's lien as against her, and barring her right, interest and title in said property. This judgment was afterward assigned by Sanborn & Follett to Miles White.

On the 15th day of March, 1867, one Francis White, as administrator of Elias A. White deceased, commenced an action to foreclose a trust deed upon said property executed by Samuel H. Casady and said Mary E. Casady on the 27th day of December, 1858. The said Samuel H. Casady, and Mary Casady, and O. C. Tredway were made parties defendant to said action, and they appeared and answered, and a trial was had. On the 27th day of August, 1870, a decree

was entered foreclosing said trust deed against all of said defendants.

The plaintiff and those under whom he claims have been in actual possession of said property since the conveyance from George Weare to P. M. Casady, and have erected buildings thereon of the value of more than six thousand dollars.

On the 11th day of June, 1877, special executions were issued upon the two judgments and decrees of foreclosure, and the defendant, as sheriff, proceeded to advertise said property for sale to satisfy the same. This action was commenced on the 9th day of July, 1877, to restrain the sale of said property upon said executions. The foregoing facts were set forth in the petition, and it was averred that the execution in the trust deed foreclosure was for a larger amount than was due on the judgment. It was further alleged that the said judgment and foreclosure in the case for a mechanic's lien is not now a lien upon said property adverse to the plaintiff, because the said action of Sanborn & Follett was not brought within the time provided by the statute then in force, and the said claim had, therefore, ceased to be a lien before the commencement of that action; that the judgment entered in said action was not such a judgment as was required by statute to be entered in such cases; that said judgment should have been rendered against Samuel H. Casady, to be made first out of any other property subject to execution belonging to him, before resorting to the property upon which the lien was claimed; that at the time of the rendition of said judgment the plaintiff's grantors had become vested with the fee title to said property by virtue of said tax title, or, if not absolutely entitled to said property, clear of the lien, at the time of the rendition of the judgment, then the statute of limitations has since run against said judgment, no proceeding having ever been instituted to set aside said tax deed; and that on the 6th day of November, 1876, said judgment ceased to be a lien upon the property aforesaid.

It is further averred that no question was raised in the

action for the foreclosure of the trust deed affecting the tax title to said property, and that, by reason of the said possession and title, all rights which may have at any time existed against said property, under and by virtue of said judgment, have long since been barred by the statute of limitations.

The defendant demurred to the petition, and also moved to dissolve the injunction. The demurrer in substance set forth, as grounds therefor, that it appeared from the allegations of the petition that the two judgments and decrees in question were valid liens upon said property. The demurrer was sustained. The injunction was dissolved, excepting that the sheriff's sale was restrained on the execution of the trust deed foreclosure for any greater sum than the amount for which judgment was rendered, with interest at six per cent per annum. The plaintiff elected to stand upon his petition, and he appeals.

*O. C. Tredway*, for appellant.

*Joy & Wright*, for appellee.

ROTHROCK, J.—I. Appellant insists that he holds title to the property in controversy by virtue of the tax deed from the

1. TAX DEED: CODE OF 1851: ESTOPPEL.

city marshal to Weare, and the subsequent conveyances down to the plaintiff, coupled with adverse possession from November 1, 1863. The tax deed in question was upon a sale for the delinquent taxes of 1859. The sale was had on July 31, 1860. The law in force which regulated tax sales was sections 503 to 508 of the Code of 1851, which merely gave the tax sale purchaser a lien for the taxes, and required that the lien created by a tax sale and deed should be foreclosed as a mortgage. In *Crosthwait v. Byington*, 11 Iowa, 532, it was held that such tax deed created between the purchaser and the owner the relation of mortgagee and mortgagor, and until foreclosure the right to the possession remains in the owner. See, also, *State v. Shaw*, 28 Iowa, 67. Under the statute the mortgagor or

owner of the land was entitled to the possession, and the color of title set up by the defendant was only a lien. In *Colvin v. McCune*, 39 Iowa, 502, there was a foreclosure of the tax deed, and it appeared that after the tax foreclosure the party in possession claimed to own the land by virtue of his tax title. It was there held that this made a claim of right. In the case at bar no foreclosure of the tax deed has ever been had.

This lien for taxes was by conveyance assigned by George Weare to P. M. Casady on the 26th day of October, 1863, and on the 20th day of February, 1865, Mary E. Casady, the owner of the property in fee incumbered by the lien created by the tax sale and deed, conveyed the same to P. M. Casady. He, therefore, became the owner in fee, and also the holder of the lien for taxes. The trust deed made in 1859 by Mary E. Casady was then a lien upon the premises, and P. M. Casady took the property subject to this lien. This trust deed was foreclosed on the 27th day of August, 1870, and Samuel H. Casady, Mary E. Casady and O. C. Tredway, who then held the title by conveyance from P. M. Casady, were made parties defendant, and after an appearance of the defendants, and issue joined and a trial, a full decree of foreclosure was entered against all of said defendants.

The plaintiff now claims that no defense based upon the tax deed was made in that suit and no question raised in regard thereto. But that defense might have been interposed, and if available for any purpose that was the time and place to assert it. Not having done so, the appellant, as the grantee of O. C. Tredway, is estopped from raising that issue. It is a fundamental principle that in the absence of fraud or artifice on the part of his adversary a party defendant is estopped from relitigating what he might have successfully set up in the defense of a former action. See *Hackworth v. Zollars*, 30 Iowa, 433; *Dewey v. Peck*, 33 Iowa, 242. These considerations dispose of the claim made by the plaintiff as to the

alleged title based upon his possession under the tax deed. Indeed, it seems to us to be immaterial what force or effect might have been given to the possession under such a deed, so far as the trust deed foreclosure is involved, for it appears to us that every defense that might have been made thereto must be held to have been adjudicated in the action of foreclosure.

II.   A number of objections are urged to the validity of the foreclosure of the mechanic's lien.   The *first* is that the

2. NOTICE: lis pendens.

action to foreclose was not commenced within one year from furnishing the last item in the account, as provided by section 984 of the Code of 1851; *second*, that the judgment should have required the amount to have been made out of the other property, which the defendant S. H. Casady then had, as required by section 1863 of the Revision; *third*, that the plaintiff and his grantors, P. M. Casady and O. C. Tredway, had become invested with a title, relieved of the mechanic's lien, before the judgment was rendered, they taking title under the tax deed and possession thereunder, and the mechanic's lien was only a claim on S. H. Casady, while in fact Mary E. Casady was the owner of the property.

The action to foreclose the mechanic's lien was commenced on the 14th day of May, 1860.   Samuel H. Casady and Mary E. Casady were made parties, and appeared and answered. At that time Mary E. Casady was the owner of the patent title to the property, and she continued to own the same until she conveyed to P. M. Casady in February, 1865.   The decree in the mechanic's lien foreclosure was entered in November, 1866, at which time O. C. Tredway was the owner, by a conveyance made in March, 1865.   The decree is a full decree of foreclosure against the defendants, including Mary E. Casady.   The parties through whom plaintiff claims all purchased after the commencement of the suit.   The plaintiff purchased after the decree of foreclosure was entered enforcing this lien on the property.  · They are, therefore, bound by the decree.   *Blanchard v. Ware*, 37 Iowa, 305, and 43 Iowa,

530. Mary E. Casady was the owner of the property, and interposed a defense to the foreclosure. She, and those under whom she claims, are bound by the decree. If she did not set up the defense that the action was not brought within a year, and that the claim was not a lien upon her property, and did not at the proper time have the judgment and decree corrected, if it was erroneous, those who claim under her are bound thereby, and, in the absence of fraud, it is entirely immaterial whether such judgment was entered by stipulation of the parties, or as the result of a trial.

III. It is contended that the judgment and decree establishing the mechanic's lien are barred by the statute of limitations, because execution was not issued thereon within ten years after the rendition of the judgment. The judgment and decree of foreclosure were rendered November 6, 1866, and the execution complained of was issued on the 11th day of June, 1877. More than ten years elapsed between the rendition of the judgment and the issuance of this execution. But as the plaintiff insists that the judgment in the foreclosure of the mechanic's lien is barred by the statute of limitations, he should show affirmatively by his petition facts which establish such claim. It appears from the execution in question, which is exhibited with the petition, that a previous execution was issued on the 23d day of January, 1867; that a levy was made upon the property in question, and that the property was not sold by reason of an injunction having been issued to restrain the sale of the same under said execution, which injunction was afterward dissolved and vacated. It does not appear how long the plaintiffs in execution were restrained from proceeding to sell the real estate in question by the injunction. It is obvious that the appellant is bound by the act of his grantors in enjoining the sale of the property, and it is equally obvious that, if the plaintiffs in execution were prevented by the act of the grantors of appellant from proceeding to the collection of the judgment, the time they were so prevented

*3. PLEADING: statute of limitations.*

should be excluded in calculating the period of limitation. *United States v. Hanford*, 19 Johns., 173; *Lytle v. Cin. Man. Co.*, 4 Ohio, 460; *Welsh v. Child*, 17 Ohio St., 319; Herman on Executions, 58.

The plaintiff should have shown by his petition that the time that the execution was enjoined was not sufficient to take the case out of the operation of the statute.

It is proper that we should say that we do not determine whether the lien of the foreclosure of a mechanic's lien exists for twenty years or until the judgment is barred. It is not necessary to so determine in this case. We hold merely that the plaintiff does not show by his petition that the statute of limitations had run for ten years.

IV. The plaintiff complains that the court below taxed the costs of the action against him, and insists there should be a retaxation because the injunction was continued as to the excess of interest inserted in one of the executions. This was a mere irregularity, that might have been corrected on motion, and we think, as the court found the merits of the controversy aga'nst the plaintiff, the costs were properly taxed against him.

AFFIRMED.