THE STATE V. THE CHICAGO, MILWAUKEE AND ST. PAUL
RAILWAY COMPANY.

1.   Criminal Evidence: LIMITATION TO TIME CHARGED: PRACTICE: INSTRUCTIONS. On the trial of an indictment for obstructing a street on a day named, the defendant objected to evidence tending to show that on different days, before and after the day named in the indictment, the defendant obstructed the street in question. *Held* that the objection was properly overruled, and that the proper practice was for defendant to move, the court to compel the state to elect on which offense it would claim a verdict, and that, in the absence of such motion, the court rightly directed the jury that defendant was guilty if it unreasonably obstructed the street "within the time mentioned in the evidence." (See opinion for citations.)

2.   Obstruction of Streets: NECESSITY OF RAILROAD COMPANY. The obstructing of a street with cars by a railroad company is not excused by the fact that it is necessary for the carrying on of the company's business, though the obstruction be only occasional. (See opinion for citations.)

3.   ———: MALICE: WILFULNESS: INSTRUCTION. In a prosecution for obstructing a street, the court instructed the jury that it was not necessary that they should find that the defendant or its employes acted maliciously, in order to find defendant guilty, but that it was sufficient if the street was "wilfully" obstructed; and that to act wilfully means to act "intentionally or knowingly." *Held* not objectionable when considered in connection with another portion of the charge, which expressly directed that to justify a conviction they must find that the obstruction complained of was "unreasonable."

*Appeal from Wapello District Court.*—HON. DELL STUART, Judge.

FILED, MAY 15, 1889.

THE defendant was indicted, tried and convicted for obstructing a street in the city of Ottumwa, and it appeals.

*Chambers, McElroy & Roberts,* for appellant.

*A. J. Baker,* Attorney General, for the State.

ROTHROCK, J.—I. The following is a copy of the indictment: "The said Chicago, Milwaukee and St. Paul Railroad Company, on the first day of September, in the year of our Lord one thousand eight hundred and eighty-seven, in the county aforesaid, controlling and operating a certain line of railroad running in, upon, over and along South Market street, in the city of Ottumwa, Wapello county, Iowa, said street being a public highway in and from said city, did wilfully, unlawfully, and maliciously put, and cause to be put, engines and cars on and across said Market street and public highway, at a point on said street, in said city, at or near the bridge across the Des Moines river; and did then and there wilfully and maliciously cause and permit said engines and cars to remain on and across said street and public highway, thereby wilfully and maliciously obstructing entirely the free use of said highway, contrary to and in violation of law." It will be observed that the act was charged to have been done on a certain day. The evidence tended to show that on different days before the finding of the indictment, and before and after the day named in the indictment, the defendant obstructed said street with cars and locomotive engines for such length of time as to interfere with travel by the public. The defendant objected to this evidence, because the prosecutor was thereby endeavoring to introduce evidence of more than one offense. The objection was overruled, and it is claimed this ruling was erroneous.

If the indictment had charged that the street was obstructed on the day named, and on divers other days, up to the finding of the indictment, the evidence would have been clearly admissible. It is common practice in this state, upon indictments charging the keeping of gambling houses and disorderly, houses to prove

distinct acts, and to submit all to the jury as constituting but one offense. We do not determine whether this may be done where a single act is charged upon a given day, as in the case at bar; but the defendant in a case of this kind should move the court to compel the prosecution to elect upon which act or offense he will claim a verdict. An objection to the evidence cannot be sustained. This appears to be the rule in all cases where the evidence tends to show that more than one offense of the kind charged was committed. Maxw. Crim. Proc. 517; *State v. Crimmins*, 31 Kan. 376; 2 Pac. Rep. 574; Whart. Crim. Law, 207.

II. The court, in the ninth paragraph of the charge, directed the jury that the defendant was guilty if it unreasonably obstructed Market street "within the time mentioned in the evidence in the case." This part of the charge is claimed to be erroneous, upon the ground that the jury should have been directed that they should consider but one act of obstructing the street. We do not think this objection is well taken. If the evidence was properly admitted, as we have found, it was competent for the jury to consider it the same as if the offense charged in the indictment had been laid with a continuance.

THE SAME.

III. It appears from the evidence that the street crosses the railroad track at or near the yards where the defendant made up its train and switched its cars. The defendant offered evidence to the effect that it was necessary in the transaction of its business, in moving and switching its cars, that they should stand in the street for a short time, and that there was a reasonable necessity for so doing. The court did not take this view of the case, and instructed the jury that necessity or convenience were not matters to be considered in determining the question of guilt or innocence. This ruling was correct. An obstruction to a highway will not be excused on the plea of its being necessary for the carrying on of the party's business, though such obstruction

2. OBSTRUCTION of streets: necessity of railroad company.

be only occasional. *Rex v. Russell*, 6 East, 427; *People v. Cunningham*, 1 Denio, 524; *Rex v. Jones*, 3 Camp. 230.

IV. The court instructed the jury that it was not necessary that they should find that the railway company or its employes acted maliciously in order to find the defendant guilty, but that it was sufficient if the street was wilfully obstructed; and that to act wilfully means to act intentionally or knowingly. It is claimed that this instruction is erroneous, because mere knowledge or intention is not sufficient to constitute the wilful act for which a conviction may be had. This part of the charge is to be considered in connection with other paragraphs, where the jury was expressly directed that to justify a conviction they must find that the obstruction complained of was unreasonable. We think that when thus considered the objection cannot be sustained. In our opinion the judgment of the district court should be

3. ——: malice: wilfulness: instruction.

AFFIRMED.