## N. J. JENKS v. THE LANSING LUMBER COMPANY, Appellant.

**Evidence.** In an action for wrongful occupation and injury to land, evidence of the actual value of the land is admissible, on cross-examination, to show its fair rental value.

**Instruction:** CONSTRUED NOT TO REFER JURY TO PLEADINGS. In an action for the use of land, and for trespass in such use, where the evidence designates the property, with such certainty, as to render a technical description unnecessary, a charge that plaintiff claimed to be the owner of certain lots "in said petition described," and subsequently therein referred to as "said premises, or property," is not objectionable, as referring the jury to the petition for a description of the property.

**SAME.** A charge that if plaintiff has established "any or all the allegations" of the petition, he has the burden of proving the damages "he is entitled to recover," is held, in the light of the instructions as a whole, not to allow a recovery upon proof of *any* allegation of the petition.

**Pleading:** LIMITATIONS OF ACTIONS. Where a petition declares upon a *continuing* nuisance, created by street obstructions, which are not alleged to be of permanent character, and seeks to recover damages for five years back, an answer which pleads that plaintiff's cause of action arose more than five years before the commencement of suit, and is barred by limitation, without setting forth the facts upon which it is sought to invoke the bar of the statute, is insufficient.

**SAME.** Facts pleaded as justification for trespass on land, which are insufficient for that purpose, will not be held good on demurrer, on the ground that they might have been properly pleaded in mitigation of damages.

**Pleading and Practice.** Where the petition distinctly claims private damages, on account of an obstructed street, and it does not appear that the general public is damaged, the court may disregard a clause in answer, which denies the sustaining of private damages where, in submitting the case to the jury, the court treats all averments of damage as denied by another part of the answer, which denies all allegation of the petition not admitted.

**Practice:** JOINDER OF CAUSES. Causes of action for the use of land, damages for trespass in the occupation and manner of such use, and injury to the land by obstructing the street and alley in front thereof, may be joined together in one action.

DEFENSE TO TRESPASS. That a railway company has acquired the right from a city to occupy one of the streets with its railroad tracks, will not justify a lumber company in wrongfully procuring cars to be placed upon such street, so as to obstruct it, and destroy the use of the property of others abutting on such street.

SAME. It cannot erect buildings in a street, and obstruct it with cars and lumber, so as to destroy the use of the land of other abutting owners, and escape liability on the ground that such use of the street by it is necessary, reasonable, and proper for carrying on its business.

Same. It is not justified in entering on the land of another, and so occupying as to injure it, by the fact that such land has been unfenced and unoccupied, and used by the general public without objection, for several years.

HARMLESS ERRORS. Denying a request to add defendants to an injunction proceeding, on the ground that the injunction, if granted, would affect those sought to be added, is harmless error, where the injunction is denied.

Practice Supreme Court: REVIEW OF DISCRETIONARY ORDER. A refusal to enjoin one from occupying a street with obstructions, will not be reviewed on appeal, unless an abuse of discretion is shown.

*Appeal from Allamakee District Court.*—HON. W. A. HOYT, Judge.

THURSDAY, FEBRUARY 13, 1896.

ACTION to recover for the use and occupation of certain real estate, and for trespassing upon the same, and for obstructing streets and alleys adjacent to said property, to the damage to plaintiff. There was a trial by jury, verdict and judgment for the plaintiff, and defendant appeals.—*Affirmed.*

*James H. Trewin* for appellant.

*Stilwell & Stewart* for appellee.

ROTHROCK, C. J.—I. The petition in the case is in three counts. In the first count it is averred that the plaintiff is the owner of certain lots and lands in the

city of Lansing, and it is sought to recover of the defendant, as a lessee, for the use and occupation of the property since January 1, 1889. By the second count it is claimed that the defendant entered on the property with teams and wagons, and piled lumber and rubbish thereon, and destroyed sidewalks constructed by the plaintiff adjacent to said property. The third count is a showing that the defendant used the street and alleys on which said land abuts, so as to obstruct the same, by piling lumber thereon and erecting therein buildings and platforms for the loading of the lumber, and in keeping in front of said premises large numbers of freight cars for the purpose of loading lumber, in such a manner as to make the use of the property of plaintiff without value. Damages are demanded for the use of the property and for injury thereto, and it is prayed that defendant be enjoined from maintaining the alleged nuisance in the street and alleys. The defendant answered the petition in seven divisions. The plaintiff demurred to the answer, and the demurrer was sustained as to six divisions. The first division of the answer was not attacked by the demurrer. The action was tried upon the issues made in that division, and there was a verdict and judgment for the plaintiff for one hundred and fifty dollars. It should further be stated in this connection that the court denied the application for an abatement of the alleged nuisance, and the plaintiff appeals from this order.

II. It is alleged in two divisions of the answer, that the railroad cars kept and used in the street, belonged to the Chicago, Milwaukee and St. Paul Railway Company, and a motion was made by defendant, asking that the railroad company be made a party to the suit. The motion was denied, and complaint is made of that ruling. If it should be conceded that an order restraining and

prohibiting the defendant company from placing cars in the street, for the purposes of use in its business, would affect the railroad company, and that it would have been a proper party (which question we do not determine), there was no prejudicial error in the ruling of the court, because a restraining order was denied, even as against the defendant, and the final judgment in no way affects either party in that respect.

III. In the second count of the petition, the plaintiff seeks a recovery for trespass in entering on the property, and using and injuring the same. That count was answered in the second division of the answer, as follows: "For answer to the second count of plaintiff's petition, defendant states that the property described in plaintiff's petition is, and since the first of January, 1889, has been unfenced, unoccupied and commons, except a small part of lot eight (8), in government lot four (4), and that the general public has traveled and passed over plaintiff's premises, without hindrance or objection, and with plaintiff's knowledge, during all of said time." The demurrer was sustained to this part of the answer. The facts recited in what we have above quoted, as it appears to us, furnish no legal excuse for defendant's entering on the property, and occupying it in a way to injure it, or in doing more than was being done by the general public. But it is claimed this part of the answer is allowable in mitigation of damages. It is not good, as pleaded, even if it would be otherwise. The facts are pleaded in justification, and not in mitigation, and they should have been so pleaded. *Ronan v. Williams*, 41 Iowa, 680.

IV. The third count of the petition recited facts as to the obstruction of the street by buildings, platforms, lumber, and cars, in such manner as to render

the use of plaintiff's land of no value. The following is the third division of the answer, to which the demurrer was sustained: "For answer to the third count of plaintiff's petition, defendant states that it is, and for more than the last five years has been, engaged in the manufacture and sale of lumber, laths, shingles, and moldings; and that its mills, lumber yards, and factories have been by itself and its grantors located and used in the same place, near the property alleged by the plaintiff to be owned by her, for a period of more than ten years last past; and that the streets and alleys about and near the same and said property claimed by plaintiff, have been used by the defendant and its grantors, for the purpose of carrying on said lumber business openly, notoriously, adversely, and continuously for more than ten years last past, under claim of right, and with the knowledge and acquiescence of the city of Lansing, Iowa; and that the defendant has at no time made any use of the said streets and alleys, or of any streets and alleys in the vicinity of plaintiff's property, other than was, and is, necessary, reasonable, and proper for carrying on its business, and has, and does, in no way interfere with the free use and enjoyment of plaintiff's property, or of access thereto; and that the plaintiff has suffered no injury or damage by reason of defendant's use of said streets and alleys, other, more than, or different from the public generally, and has no right to maintain this action for the alleged obstruction of said streets and alleys." It is urged in behalf of appellant that the owners of lots abutting on streets have the right to make a proper use of the street. This proposition may be conceded, but we cannot assent to the doctrine that even an abutting owner may lawfully erect buildings in a street, and obstruct it with cars and lumber in such manner as to destroy the use of the

land, or lots, of others, and escape liability on the ground that it is a reasonable or proper use. 2 Dillon Mun. Corp. section 734, cited by appellant's counsel, in no way sustains such a rule. The count of the petition to which this division of the answer applies, describes the condition of the street as a nuisance, and its sufficiency in that respect cannot be questioned. The case of *State v. Railway Co.*, 77 Iowa, 442 (42 N. W. Rep. 365), was an indictment for obstructing a highway, and in discussing the question, as to the right to obstruct the highway for business purposes, it is said that "an obstruction in a highway will not be excused on the plea of its being necessary for the carrying on of a party's business, though such obstruction be only occasional." It is said that the plaintiff's right of access to her property was a private right, and that she could not be allowed redress, unless it was unreasonably obstructed. But she had other rights in the use of her property, than mere access to it, and the petition does not limit the injury to the mere right of access. It is also urged that in the third division of the answer it is denied that plaintiff sustained any damage, except such as was common to the public generally. It is true, that the answer contains that averment, and a denial of damages was proper, but the first division of the answer denies all the averments of the petition not admitted, and the court, in submitting the case to the jury, treated the averments of damage as denied. Under that state of the case, it was not error for the court to disregard the denial, in the division of the answer under consideration. It appears to be the thought of counsel for appellant, that, in order for plaintiff to recover, she must show that she has suffered damages distinct from the public generally, and that the part of the answer under consideration, denies that she sustained such damages.

But such damages are distinctly claimed in the petition, and it does not appear that there is any such damage to the public generally. It is further urged, that the city of Lansing had the right to permit the railroad company to occupy the streets with its railroad tracks. Conceding a full right to the railroad company in that respect, it does not follow that a recovery may not be had from the defendant if it wrongfully procured cars to be put in the street, to plaintiff's damage. The action is not for what the railroad company has done, but for what the defendant has done for using the street unlawfully. There is no complaint that the railroad tracks are wrongfully laid in the street.

V. It is not necessary to consider the demurrer, so far as it applies to the fifth division of the answer. It merely states facts, to show that the railroad company is a necessary party, because of the injunction, or restraining order, asked in the petition, and, as such an order was denied, no prejudice resulted to the defendant, even if the company should have been made a party.

VI. The seventh division of the answer is as follows: "Further answering, defendant states that the cause of action set out in the third count of plaintiff's petition, arose and occurred to her more than five years before the commencement of this suit, and is barred by the statute of limitations." Owing to the peculiarity of the question presented by the demurrer to this division, it appears to us that we should set out that part of the petition to which the above division of the answer refers. It is in these words: "That for five years last past, plaintiff has been the owner of the property, * * * and entitled to the free and unobstructed use and enjoyment of the same. That the defendant * * * has, during all of said time, persisted in occupying the streets and

alleys upon which said property abuts, by piling thereon, immense amounts of rubbish and lumber from the mill, which the defendant operates in the immediate vicinity, and erecting and maintaining on said streets, buildings and platforms for the loading of lumber, and in keeping in front of plaintiff's premises large numbers of freight cars for the purpose of loading the same, and generally so obstructs and incumbers the streets as to render plaintiff's use and enjoyment of her said property valueless, to her damage," etc. It will be observed that the count of the petition above set out, does not contain any averments that the obstructions in the street were of a permanent character. It pleads a continuing nuisance, and the plaintiff seeks to recover damages therefor, for five years back, to the limit fixed by the statute of limitations, and to the time when it is alleged the defendant wrongfully obstructed the streets and alleys. This division of the answer to which the demurrer was sustained, was intended to apply to a case where permanent structures are erected, and the damage is original, and the statute commences to run at once. The argument of the counsel for appellee proceeds on this theory, and relies upon the cases of *Powers v. Council Bluffs*, 45 Iowa, 652, and *Baldwin v. Light Co.*, 57 Iowa, 51 (10 N. W. Rep. 317). If it was the purpose to present that question, the answer should have set out the facts upon which it relied, as a bar to the action. The defense of the statute of limitations is an affirmative one, and the party pleading it must affirmatively show the facts constituting the bar. *Harlin v. Stevenson*, 30 Iowa, 371; *Tredway v. McDonald*, 51 Iowa, 663 (2 N. W. Rep. 567). In view of the averments of the petition, the answer does not set forth the facts upon which it is sought to invoke the bar of the statute. The answer is but the statement

of a legal conclusion, and the demurrer thereto was rightfully sustained.

VII. The defendant made a motion that the plaintiff should be required to elect upon which count of the petition she would go to trial. The motion was denied. This ruling is the subject of complaint. We think it was correct. It is claimed, that a party cannot maintain a claim to property by two or more inconsistent rights at the same time, and the cases of *Bank v. Dows*, 68 Iowa, 460 (27 N. W. Rep. 459), and *Crawford v. Nolan*, 70 Iowa, 97 (30 N. W. Rep. 32), are cited in support of the contention. We do not think that either of the cited cases is applicable to the case at bar. This is not an action to recover property in the sense that the principle claimed has application. Causes of action by the same party against the same party, in the same right, where either may be prosecuted by the same kind of proceedings, may be joined in the same petition. Code, section 2630. This statute has often been under consideration by this court, and the case at bar is clearly within its provisions. The first count of the petition, is for the use of the land; the second, is for damages for trespass, in the occupation and maner of its use; and the third, is for injury to the land by the obstructing the streets and alleys in front of it.

VIII. On the question of the rental value of the lots, the court permitted the plaintiff, on the cross-examination of certain witnesses, to inquire as to the actual value of the lots, and this is claimed to be error. It appears to us, that it was proper to put before the jury the value of the lots, because that evidence, to some extent, tended to show what would be a fair rental value, especially where witnesses were giving opinions, as to rental value. The jury, in determining the weight to be given to such opinions, ought to be in possession of all

the facts, as to the character and value of the lots. There are other questions on rulings, on the admission and rejection of evidence, which do not appear to us to require special consideration.. We find no errors in them.

IX. In the first paragraph of the charge to the jury, it was said that plaintiff claimed to be the owner of certain lots "in said petition described," and the property is not more definitely referred to in the instructions, but is throughout, named as "said premises, or property." This is claimed to be error, because the jury was referred to the petition for the description of the property. We do not understand that the jury was referred to the petition to ascertain the numbers of lots, or the description of the property. The property was so designated by the evidence, that a technical description was wholly unnecessary. The court stated the description in a general way, and this was sufficient. The instructions clearly and plainly stated the issues, and the jury was not directed to the pleadings to ascertain the issues; and the cases of *Fitzgerald v. McCarty*, 55 Iowa, 702 (8 N. W. Rep. 646), and *Porter v. Knight*, 63 Iowa, 365 (19 N. W. Rep. 282), have no application to the question here presented.

X. The third paragraph of the charge to the jury was as follows: "The burden of proof in this action is cast upon the plaintiff to prove the various allegations of said petition that are denied by defendant, and to establish the same by a preponderance of the evidence, by which is not necessarily meant the greater number of witnesses, but the greater weight of testimony. In case you find from the evidence that plaintiff has established any or all of the allegations contained in her said petition, and denied by defendant, then the burden of the proof is upon her to establish the amount that she is entitled

to recover therefor by a preponderance of the evidence." Objection is made to the last part of the instruction. It is said that it authorizes a recovery upon proof of *any* of the allegations of the petition denied by the defendant. The language of the instruction is not entirely clear. It attempts to fix the burden of proof, and, disconnected from other parts of the charge, it might be wanting in clearness of statement. But in the preceding instructions, the cause of action in each count was plainly stated, and what was admitted and denied in the answer was correctly explained. And immediately following the instruction under consideration, it was stated in brief what each count was for, and followed with a particular statement of the facts to warrant a recovery thereon, so that there could not well be a misapprehension as to the facts to be established, and upon whom the burden was, to establish them. When the whole charge is considered, there was no prejudicial error. There are other objections to instructions given by the court and to the refusal to give those asked by the defendant. Those given, fairly submit to the jury every material question in the case, and they embrace all that was requested by the defendant which we think was applicable to the issues and facts disclosed in evidence. We discover no ground for reversal upon the defendant's appeal.

XI. The plaintiff's appeal is from the refusal of the court to enjoin the defendant from occupying the street and alleys with lumber, cars, and other obstructions. On this branch of the case it is sufficient to say that the granting of such an order is within the sound discretion of the trial court. It refused the order, and we discover no such abuse of discretion as to justify the interference of this court. Upon both appeals the judgment is AFFIRMED.