Mrs. Nat Ary v. C. B. Chesmore, Appellant.

**Pleading:** CONDITION PRECEDENT: *Sufficiency.* In an action on a note given for the price of land, and "payable at the time the tax title or deed can be procured," a petition setting out the note, and alleging that it was due, did not state a cause of action, without an allegation that the condition had been met.

*Appeal from Cedar Rapids Superior Court.*—Hon. T. M. Giberson, Judge.

Tuesday, January 22,1901.

Action on a promissory note. The defendant's demurrer to the petition was overruled. There was a trial, and a directed verdict for the plaintiff. From a judgment thereon the defendant appeals.—*Reversed.*

*C. J. Haas,* for appellant.

*H. M. Troy* for appellee.

SHERWIN J.—This action was brought on the following instrument in writing: "For value received, I promise to pay Mrs. Nat Ary eighty-seven and 50-100 dollars, with interest at eight per cent. per annum, for a certain piece of timber land, being two and one-half acres of land, said tract of land having been sold for taxes. Mrs. N. Ary here acknowledges the receipt of ten dollars, which said C. B. Chesmore pays to procure the tax deed or title, this note to become due and payable at the time the tax title or deed can be procured." The petition alleges "that said promissory note is long past due, and no part of the same has been paid." The defendant demurred to the petition, on the ground that it did not appear therefrom that the note sued on was due. The demurrer was overruled, and the court held that the burden of proof was on the defendant to prove that the note was not due. After the close of the evidence the court directed a verdict for the plaintiff, and afterwards overruled the defendant's motion for judgment notwithstanding the verdict.

The petition was clearly insufficient. It showed on its face that the note was not to become due until a tax title or a deed of the land for which it was given could be procured, and there was no allegation that this condition had been met. As the instrument itself contained nothing to indicate that it was due, the mere statement that such was the fact was a conclusion pure and simple. *Koon v. Tramel,* 71 Iowa, 132; *Sac County v. Hobbs,* 72 Iowa, 69; *Jenks v. Lumber Co.,* 97 Iowa, 342. As the plaintiff had no cause of action until the maturity of the note, it was necessary for her both to allege and prove facts which should show such maturity. The burden was upon her, and not upon the defendant; for the defendant only admitted the execution of the note, and denied that it was due. Greenleaf Evidence (13th Ed.),

section 74; Stephens Digest Evidence (Chase's Ed.), 175, 177; *Veiths v. Hagge,* 8 Iowa, 163. The motion for judgment notwithstanding the verdict, raised the same question as to the petition, that the demurrer did. This was proper under section 3757 of the Code, and should have been sustained. The amendment to the petition which was filed did not cure the defect. For the errors pointed out, the judgment is reversed.—REVERSED.