M. M. COONEY, Appellant, v. JOHN J. COPPOCK, A. W. PATTERSON *et al.*

**Foreclosure ot Mortgage:** RIGHT OF JUDGMENT LIEN HOLDER TO REDEEM. One who acquires a judgment lien on the premises, pending the foreclosure of a mortgage, has only the statutory right to redeem from the foreclosure sale, as Code section 3543 applies to such cases.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, FEBRUARY 5, 1903.

ACTION by judgment lienholder to redeem from sale under mortgage foreclosure. Decree for defendants, from which plaintiff appeals.—*Affirmed.*

*F. M. Davenport* and *M. W. Beach* for appellant.

*Geo. W. Paine* for appellees.

McCLAIN, J.—Defendant A. W. Patterson, by foreclosure proceedings against defendant John J. Coppock, the then owner, acquired title under execution sale and deed to the premises in controversy. The interests of the other defendants, in the view which we take of the case, need not be considered. Plaintiff, by filing in the district court a transcript of a judgment obtained before a justice of the peace, acquired a lien on the premises five days before the decree in the foreclosure proceeding was rendered. Not having been made a party to the proceeding, plaintiff claims that the lien was not cut off by the foreclosure sale, and he now seeks to redeem from Patterson, offering to pay the amount of Patterson's rights in and claims against the property, including the amount bid at

foreclosure sale, the amount of other liens of Patterson superior to those of plaintiff's judgment, and various amounts paid by way of taxes, after deducting from the total of Patterson's claims the value of the use of the land during the time it hás been in Patterson's possession.

The only question we need consider is whether one whose judgment becomes a lien pending a foreclosure proceeding must be made a party to such proceeding in order to cut off his right to redeem from sale under a judgment rendered in such proceeding. It is conceded that under Code, section 3543 (which is, in effect, the same as section 2628 of the Code of 1873), providing that, "when a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's rights," one who purchases or otherwise acquires an interest from the defendant in a foreclosure proceeding brought in the county where the land is situated takes subject to the determination of such proceeding, and, although not made a party, has no equitable right to redeem from the foreclosure sale. *Blanchard v. Ware*, 37 Iowa, 305; *Blanchard v. Ware*, 43 Iowa, 530; *Tredway v. McDonald*, 51 Iowa, 663; *Jackson v. Railway Co.*, 64 Iowa, 292; *Bowman v. Anderson*, 82 Iowa, 210.

Counsel for appellant claim that this doctrine is not applicable to one who acquires a lien on the premises pending the foreclosure proceeding by a judgemnt against the defendant in such proceeding. But we find no authority for any such distinction. Certainly the. lienholder does not acquire any better right than the defendant himself, or one who purchases or takes a mortgage on the premises pending the foreclosure. It would be intolerable that, after plaintiff has commenced his foreclosure, and made parties to his action all persons then having any interest in or lien upon the premises, he should be required

to bring in as new parties persons subsequently acquiring an interest or a lien. To compel him to do so might make it necessary for him to continue indefinitely his action, and postpone the securing of a final decree, under which the premises could properly be sold. We hold that one who acquires a judgment lien on the premises, pending a foreclosure has only the statutory right to redeem from the foreclosure sale. Plaintiff did not exercise this statutory right, but waited until nearly ten years after securing his judgment lien before taking any steps to make redemption. His petition was properly dismissed, and the judgment of the lower court is AFFIRMED.