## Case No. 13,977.

### THOMPSON v. SMITH et al.

[1 Dill. 458.] [1]

Circuit Court, D. Minnesota. 1870.

WRIT OF ASSISTANCE — AGAINST WHOM ISSUED — PARTIES TO SUIT—VOID TITLE.

The power of a court of chancery to put the purchaser of the mortgaged premises into possession by a writ of assistance, or summary proceedings, extends only to the parties to the suit and those coming in under them after suit commenced, and does not extend to the case of the wife of the mortgagor, not a party to the suit, claiming under color of title acquired from one of the defendants before suit brought, although such title may be void or inoperative, by statute.

In equity.

Morris Lamprey, for complainant.
Greenleaf Clark, for defendants.

NELSON, District Judge. An application is made by petition, to modify a writ of assistance, granted to put the complainant into possession of the mortgaged premises. The writ of assistance was issued by the clerk, not only against the mortgagor and T. R. Fletcher, defendants in the suit, but also against the wife of the mortgagor, who was not a party to the suit, but who lived upon the premises with him. This application is made in behalf of the wife, Mary T. B. Smith, who claims the possession of the mortgaged premises under color of title derived from one of the defendants, prior to the commencement of the suit for a foreclosure. It is a well settled rule, founded in reason and justice, that the power of a court of chancery to put a purchaser of the mortgaged premises into the possession, by a summary process, extends only to the parties to the suit, or those coming into the possession under the parties to the suit, subsequent to the commencement of the same. If, therefore, Mary T. B. Smith was in the possession of any portion of the mortgaged premises, prior to the commencement of the foreclosure suit, she can-

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

not be dispossessed by this summary proceeding. She is capable of acquiring, by purchase, or otherwise, real property, or holding the title to the same, under the laws of the state of Minnesota. Now, the evidence offered upon the hearing of the motion clearly establishes the fact that she was in possession of these premises, prior to the commencement of suit, under color of title, and this evidence is not controverted by the purchaser at the master's sale. Her possession is not denied, but it is alleged that her right to that possession is not valid, the deed under which she claims being void or inoperative by statute, as against the mortgagee and purchaser. This raises a question of title which cannot be disposed of in this summary proceeding. The purchaser must seek the usual remedy for settling such questions. The writ of assistance is modified, and all proceedings stayed, so far as Mary T. B. Smith is concerned. Writ modified.