SENSENBRENNER vs. MATHEWS and another.

*December 2 — December 16, 1879.*

*(1) Waiver of lien on personal property.    (2) Condition of recovery in replevin.*

1. A voluntary and unconditional delivery to the owner, of property on which a mechanic's lien has accrued, is a waiver of the lien; and, except in case of fraud and perhaps mistake, such lien cannot be restored by resumption of possession.
2. In replevin, plaintiff recovers on his own right of possession, not on the weakness of defendant's right.

APPEAL from the County Court of *Winnebago* County.

Replevin, for a buggy.   The cause was tried by the court without a jury, and the facts found were substantially as follows:   Plaintiff, a blacksmith, in the summer of 1875,

owned a building, and occupied a part of the first story as a blacksmith-shop; while another part of that story was occupied by Schweitzer & Co. as a wagon-maker's shop, and the second story over the plaintiff's shop was occupied as a paint-shop by one Maxwell. Schweitzer & Co. were lessees from plaintiff of both their own and Maxwell's shop, and Maxwell was their under-tenant. The usual mode of taking heavy articles into the paint-shop to be painted, and removing them therefrom, was through a trap-door in the floor of the paint-shop, connecting it with the blacksmith-shop; and Maxwell had a right of way through the latter shop for these purposes. The wood-work of the buggy in question was built for Maxwell by Schweitzer & Co., and plaintiff furnished the iron and ironed the buggy for Maxwell, for the agreed price of $65, of which Maxwell *paid $34 in painting*, leaving due plaintiff from him $31. When plaintiff's work upon the buggy was completed, Maxwell, *with his knowledge and consent*, took the buggy from plaintiff's shop to his paint-shop, where it remained, *in Maxwell's possession*, about three weeks. During this time, Maxwell painted and finished it, and *sold it to the defendant Henry;* and at the end of the three weeks, Maxwell commenced removing the buggy from his paint-shop into plaintiff's blacksmith-shop, for the purpose of removing it from the premises; but upon plaintiff's objecting to such removal being made before Maxwell should have "settled up" with him, Maxwell desisted; and the buggy remained in the paint-shop. A few days afterwards, *Henry* procured a writ of replevin for the buggy to be issued from a justice's court against the plaintiff, in the usual form, except that it was made returnable on the second day after its date. *Henry* and Maxwell then *entered the paint-shop peaceably* in the absence of this plaintiff, and *removed the buggy therefrom through the blacksmith-shop to the outside of the building, where Maxwell delivered it to Henry.* Plaintiff returned to his shop before the buggy was removed from the

premises immediately outside thereof, and forbade its removal, claiming a lien upon it. Thereupon *Mathews*, the officer who had the justice's writ of replevin, and who had accompanied *Henry* and Maxwell, served his defective writ upon this plaintiff, but *without Henry's knowledge and contrary to his instructions; the latter being then in the actual possession of the buggy. Henry* and *Mathews* then removed the buggy; and the latter made return that he had taken it by virtue of said writ.

Upon these findings, the court held that plaintiff had relinquished his lien upon the buggy, and that *Henry* was the owner and entitled to the possession.

Plaintiff excepted to all those parts of the findings which are italicized in the foregoing statement, and also to the conclusions of law; and he appealed from a judgment rendered in defendants' favor pursuant to the findings.

*Elbridge Smith*, for the appellant:

The proof is, that the buggy, while in the paint-shop to be painted, was in the possession of and detained by *Sensenbrenner*, to protect his lien. The latter had access to the paint-shop at all times, and the buggy could be removed only through his own shop; and Maxwell, by desisting from the attempt to remove it when forbidden by *Sensenbrenner*, recognized the fact that it was under the control of the latter. It is clear that Maxwell or his vendee, upon proof of a right to the possession, could have maintained replevin against *Sensenbrenner*. *Henry* also so understood it, and accordingly made his affidavit and took out his writ of replevin; and the officer, *Mathews*, took the buggy upon that writ, and so made return upon the writ. The return of an officer to a writ is in general conclusive evidence of the fact for all the purposes of the suit. *Watkins v. Page*, 2 Wis., 92; *Knowlton v. Ray*, 4 id., 288; *Carr v. Com. Bk.*, 16 id., 50. All the other evidence in the case sustains the return. But the writ was one, on its face, which the justice had no jurisdiction to

issue; and was no protection to the officer. . *Campbell v. Sherman*, 35 Wis., 103.

The cause was submitted for the respondent on the brief of *J. B. Hamilton.* He contended, among other things, 1. That the evidence showed that plaintiff was to receive his pay in work to be performed by Maxwell at some future indefinite time, and therefore could not have a lien. *Bailey v. Adams*, 14 Wend., 203. 2. That if he ever had a lien, he lost it by parting with the possession. *McFarland v. Wheeler*, 26 Wend., 467; *Smith v. Scott*, 31 Wis., 420; id., 432, and cases there cited.

RYAN, C. J. The shops of the appellant, Schweitzer and Maxwell, although in the same building, were held by them respectively in severalty; and the right of way of Maxwell, although passing through the shops of the appellant or Schweitzer, was part of his holding and used by him of his own right.

The buggy belonging to Maxwell was delivered to him through the right of way by the appellant, after it had been ironed by the latter. It was delivered with the expectation that it should be painted by Maxwell; but Maxwell owed no duty, either to Schweitzer or the appellant, to paint it. The delivery was unconditional, and the buggy must be taken to have been delivered to Maxwell in his right as owner of it.

This delivery operated as an absolute waiver of all lien of the appellant for ironing the buggy. The essence of lien, in such cases, is possession. Lien cannot survive possession; and except in case of fraud, and perhaps mistake, such a lien cannot be restored by resumption of possession. "Lien is a right to hold possession of another's property for the satisfaction of some charge attached to it. The essence of the right is possession; and whether that possession be of officers of the law or of the person who claims the right of lien, the chattel on which the lien attaches is equally regarded as in the cus-

tody of the law.  Lien is neither a *jus ad rem* nor a *jus in re*, but a simple right of retainer." 3 Parsons' Cont., 234.

' "The voluntary parting with the possession of the goods will amount to a waiver or surrender of a lien; for, as it is a right founded upon possession, it must ordinarily cease when the possession ceases." Story's Ag., § 367.

As this disposes of the lien set up by the appellant to support this action, it is immaterial how the respondents came into possession.  In replevin, a plaintiff recovers on his own right of possession, not on the weakness of the defendant's right.

*By the Court.* — The judgment· of the court below is affirmed.