THE CITIZENS' BANK OF GREENFIELD v. DOWS & CO. ET AL.

1. **Pledge:** ATTACHMENT OF PROPERTY BY PLEDGEE: LIEN OF PLEDGE ABANDONED. A pledge is invalid unless accompanied with possession of the property; and the moment the pledgee parts with such possession, or claims the right to detain the goods upon a different ground, the lien is lost. So, where plaintiff caused the goods, while in the possession of its agent, to be attached as the property of the pledgor, it could not afterwards be heard to claim the goods under a pledge antedating the attachment. See authorities cited in opinion.

*Appeal from Adair Circuit Court.*

TUESDAY, APRIL 6.

ACTION to recover specific personal property. A demurrer to the eighth count of the answer was sustained, and the defendants appeal.

*T. M. Stuart*, for appellants.

*D. W. Church* and *J. S. McCaughan*, for appellee.

SEEVERS, J.—The property in controversy consists of corn in cribs, and the plaintiff seeks to recover the same on the ground that the corn had been orally pledged or mortgaged to them by Grant & Johnson. It is stated in the petition that the corn was in the actual possession of one Mason, for the use and benefit of the plaintiff, on the twenty-sixth day of June, when the same was attached by David Dows & Co. as the property of Grant

& Johnson. The lien of the plaintiff was for money advanced to purchase the corn, or for other legitimate purposes. The defendants pleaded that the plaintiff was estopped from asserting the lien, because, on the twenty-ninth day of June, 1882, the plaintiff instituted a suit in the district court     *

*     *     against Grant & Johnson to recover the amount claimed to be due them on their alleged account for moneys advanced to said Grant & Johnson, and in said suit the said plaintiff caused a writ of attachment to issue against the property of said Grant & Johnson, and directed the sheriff, " by virtue of the attachment, to seize and levy upon the property in controversy; and, acting under such direction, the sheriff did so, and he received and realized for the corn in said crib No. 1 the sum of $579.38; which said sum the said plaintiff took and received from said sheriff as money realized from the property of said Grant & Johnson; and that said plaintiff never claimed to be the owner of said corn, or to have any lien thereon, until they commenced this suit," which was on the eighteenth day of April, 1883. A demurrer to the foregoing answer was sustained, and we are required to determine whether the ruling is correct.

The demurrer seems to be grounded on the thought that the facts stated in the answer do not create an estoppel, and therefore the defense pleaded is insufficient. We think it is immaterial what name or designation the pleader may have used, for the only material point is, do the facts pleaded constitute a defense to this action? It is essential to the existence of a parol pledge or mortgage of personal property that the pledgee or mortgagee should have possession. Such a pledge is invalid unless accompanied with the possession of the property; and the moment the pledgee voluntarily parts with such possession, or claims the right to detain the goods upon a different ground, the right to a lien is lost. 3 Pars. Cont., 244, 245; Story, Ag., § 367.

In this case the plaintiff had possession of the corn by its agent, and it was entitled to a lien thereon, and therefor it

seeks to recover in this action. While so entitled to a lien, and being in possession of the corn, it sued out an attachment against Grant & Johnson for the same debt to secure which the lien was given, and directed the sheriff to levy upon the corn, and has received from him the money realized by the sale of a portion thereof. Do these facts amount to a waiver or abandonment of the lien based on the oral pledge or mortgage? We are forced to the conclusion that the inquiry must be answered in the affirmative. When the corn was seized under the attachment, the plaintiff lost and the sheriff took possession. By directing the levy of the attachment the plaintiff voluntarily surrendered or parted with its possession. After the levy of the attachment the plaintiff claimed the corn under a different right from what it did before. The two rights are inconsistent, and cannot be maintained by the same person at the same time. One must, of necessity, supersede the other, and the adjudged cases hold, without any, or at least serious, conflict, that the lien must be regarded as waived or abandoned when the seizure is made under the attachment, and the officer takes possession. Drake Attchm., § 540; *Whitaker v. Sumner*, 20 Pick., 399; *Evans v. Warren*, 122 Mass., 303; *Wingard v. Banning*, 39 Cal., 543; *Jacobs v. Latour*, 5 Bing., 130.; *Libby v. Cushman*, 29 Me., 429; *Sensenbrenner v. Matthews*, 48 Wis., 250; S. C., 3 N. W. Rep., 599. And *Munson v. Porter*, 63 Iowa, 453, should be regarded as recognizing the same doctrine. We are unable to draw a distinction between the cases cited and the case at bar, and we do not understand *Clark v. Ward*, 12 Grat., 440, and *Christian v. Dripps*, 28 Pa. St., 271, to be in conflict therewith.

We think the court erred in sustaining the demurrer to the eighth count in the answer.

                                                    REVERSED.