ANDREWS, Receiver, etc., Appellant, vs. PASCHEN, Sheriff, etc., Respondent.

*November 23 — December 14, 1886.*

*Levy of attachment after appointment of receiver: Proceedings to set aside: Parties: Appealable order.*

After the appointment of a receiver in an action for the dissolution of the corporation, but before, he had qualified, the sheriff levied an attachment upon the property of the corporation, which was already in his hands by virtue of previous attachments. The receiver obtained an order that the sheriff show cause why the last levy should not be set aside. This motion to set aside the levy was denied, and the receiver appealed. *Held:*

    (1) The motion by the receiver was not a special proceeding, but was a mere motion in the action to dissolve the corporation, to which action neither the receiver, the sheriff, nor the attaching creditor, were parties. It was therefore not the proper remedy. The receiver should have brought an independent action to set aside the levy.

    (2) The order denying the motion did not affect the merits of the action, and was not appealable.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are stated in the opinion.

*B. K. Miller, Jr.,* for the motion.

*C. C. Dey, contra.*

BY THE COURT. One William S. Candee, a stockholder, but not a creditor, of the Western Crockery Company, a business corporation of this state, brought an action against such corporation for a dissolution thereof and the closing of its affairs, alleging its insolvency.

When the action was commenced, the respondent sheriff was in possession of the property of the company under certain writs of attachment sued out by certain of its creditors. On due application the court appointed *Charles Andrews,* the appellant, receiver of the company, who duly qualified

as such.    After his appointment, and before he so qualified, another creditor of the company, a Mrs. Kittel, sued out an attachment against it, and the sheriff thereupon levied the same upon the same property, subject to the former attachments thereon.    She afterwards recovered judgment upon her demand.

The receiver thereupon obtained an order upon the sheriff to show cause, among other things, why the levy of Mrs. Kittel's attachment upon the property of the crockery company should not be set aside.    The rule to show cause was discharged by the court, and the motion denied.    From the order in that behalf the receiver appealed to this court. The sheriff now moves that such appeal be dismissed.

The receiver has mistaken his remedy.    His motion is not a special proceeding, but is necessarily a mere motion in the action of *Candee v. Crockery Co.* and neither he nor the sheriff or Mrs. Kittel are parties to that action.    The latter has a greater interest in the matter in controversy than has any other person, and should be heard therein before any adjudication thereof.    Yet she is not a party to this summary proceeding and cannot be heard therein.    She has the right to litigate the questions: (1) Can Candee maintain his action?    (2) Was the receiver properly appointed?    (3) Did she obtain a paramount lien upon the property attached by virtue of her attachment?    In order to give her the opportunity to litigate those questions it was necessary that the receiver should bring an independent action to avoid the attachment, making her a party thereto.

The principal proposition upon which the motion to set aside the levy was based, is that the title of the receiver to the property vested before Mrs. Kittel's attachment was levied.    If so, it may be that she is in contempt, and that a summary proceeding will lie to avoid such levy.    But even then it is quite possible that the receiver should be made a formal party to the Candee suit before he can maintain

such a proceeding. If the receiver's title did not vest until after the levy, his only remedy is by action. See *Gelpeke v. M. & H. R. Co.* 11 Wis. 454.

We hold, therefore, that, because the rights of Mrs. Kittel cannot be effectually protected in a summary proceeding by motion, the receiver can only attack her levy in an independent action, to which she must be made a party. The summary proceeding resorted to by the receiver not being the appropriate remedy, the order made thereon does not affect the merits of an action or any part thereof; nor does it belong to any other class of appealable orders. The fact that an injunction is incidentally prayed against the sheriff to restrain him from interference with the attached property is of no significance. That prayer is equally inappropriate as the prayer to discharge the levy.

The motion to dismiss the appeal is granted.