[No. 1605.  Decided April 13, 1895.]

CHERRY & PARKES, *Respondents*, v. THE WESTERN WASH-
INGTON INDUSTRIAL EXPOSITION COMPANY, *Defendant*,
THE CLARK-BLATCHLY COMPANY, *Appellant*.

INJUNCTION BY RECEIVER—BOND—APPOINTMENT OF RECEIVER — EFFECT
UPON JUDICIAL SALES.

A receiver must, in applying for a temporary restraining order
against a stranger to the action in which the receiver had been ap-
pointed, give the injunction bond required by Code Proc., § 273.

A receiver cannot, by petition in the receivership proceedings,
make a stranger a party thereto for the purpose of determining his
rights to property in dispute between them, when there is no allega-
tion in the petition that such stranger had taken the property from
the possession of the receiver or hindered him in the discharge of his
duties.

The appointment of a receiver prior to sale of real estate under
levy of execution, but subsequent to the entry of judgment and the
acquisition of a lien thereunder, will not affect the right of the judg-
ment creditor to proceed to make his debt by execution, levy and
sale of the debtor's property.

*Appeal from Superior Court, Pierce County.*

*Hoxie, Bogle & Richardson*, for appellant.

The opinion of the court was delivered by

ANDERS, J.—The Clark-Blatchly Company, appel-
lant, recovered a judgment in the superior court of
Pierce county against the Western Washington In-
dustrial Exposition Company for $1,148.86, which was
duly filed and became a lien on the defendant's prop-
erty.  Execution regularly issued on this judgment
and was levied by the sheriff on the interest of the
defendant in blocks 3712 and 3713 in the city of
Tacoma, and the property was advertised for sale and
sold thereunder on March 27, 1893, when appellant
became the purchaser in satisfaction of its judgment.

A certificate of purchase was properly issued to the purchaser, and on the 2d day of September, 1893, the sale was confirmed by the superior court.

On May 3, 1894, one Charles A. Murray, as receiver of the Western Washington Industrial Exposition Company, appointed in the cause of Cherry & Parkes v. The Western Washington Industrial Exposition Company, filed a petition in that cause asking that the sheriff be restrained from issuing a deed to appellant, and that appellant be cited to show cause why the certificate of sale should not be canceled and annulled. This petition alleges as the ground for relief asked, that the sale was made after the appointment of this receiver, and after he had duly qualified and taken possession of the property of said defendant but admits that the execution issued and was levied by the sheriff prior to the appointment of the receiver.

On filing the petition the court, without notice to the appellant and without bond from the receiver, granted the restraining order and ordered the citation to issue as prayed. Appellant thereupon appeared and moved the court to revoke and set aside this order because it was made *ex parte* and without bond being required. This motion was overruled, and the appellant then demurred to the petition, and its demurrer having been overruled, it answered alleging that its judgment, levy and advertisement of sale preceded the appointment of the receiver; that it was not a party to the proceedings in which the receiver was appointed; that the sheriff took possession of this property under his levy prior to the appointment of the receiver; that the sale was regularly made and confirmed by the court, and claiming that it was legally entitled to a deed from the sheriff. The receiver demurred to this answer on the ground that the answer did not show

any defense to the petition, nor any right to the certificate of sale or deed.   The court sustained this demurrer and, the Clark-Blatchly Company declining to plead further, a final decree was entered canceling the certificate of sale and perpetually enjoining the sheriff from issuing a deed to appellant.   From this decree this appeal is prosecuted, and appellant assigns these several rulings of the court as error.

Our statute provides that restraining orders may be granted without notice to the opposite party in cases of emergency, to be shown by the complaint.   Code Proc., § 270.   But it is insisted by appellant that no such emergency as the statute contemplates to justify an *ex parte* order was shown, and that even if the showing was sufficient, the court should have withheld the order until a proper bond was given by the receiver. Sec. 273 of the Code of Procedure provides that "no injunction or restraining order shall be granted until the party asking it shall enter into a bond, in such sum as shall be fixed by the court or judge granting the order, with surety to the satisfaction of the clerk of the superior court, to the adverse party affected thereby, conditioned to pay all damages and costs which may accrue by reason of the injunction or restraining order;" and that this provision applies to temporary restraining orders is made certain by the language used in the succeeding section.

From these provisions it follows that the receiver should have been required to give bond unless he was entitled to immunity therefrom by virtue of his office; and we do not think that the fact that he was a receiver conferred upon him any privilege not accorded to other suitors.   In proceedings against a stranger to the action in which he was appointed, a receiver must conform to the requirements of the law applicable

thereto. He must commence his action by the same process that others are required to employ, and must comply with all conditions imposed upon other persons who seek similar relief. The receiver, in this instance, not only should have given bond as provided by law, but he should also have commenced an independent action against this appellant to cancel the certificate of sale.

It is not alleged that either the sheriff or appellant took any property from the possession of the receiver which was rightfully in his possession, or in any way impeded or hindered him in the discharge of his duties; and under such circumstances appellant could not properly be made a party to the receivership proceedings and subject to the order of the court, simply by filing a petition therein. Not having been a party thereto his rights should not have been determined or inquired into in that action.    Beach, Receivers, § 665; *Andrews v. Paschon,* 67 Wis. 413 (30 N. W. 712); *Receiver of State Bank v. First National Bank,* 34 N. J. Eq. 450.

Nor did the fact that the receiver was appointed before the sale was made divest the appellant of any right he had acquired thereunder. It is admitted by the pleadings that the judgment recovered by appellant and the levy of the execution under which the property was sold preceded the appointment of the receiver. It is also admitted that the judgment was a lien on the real estate of the defendant. And if appellant had had no other right in or to the property in question than that dependent upon its judgment lien, such right would not have been affected by the appointment of the receiver. Under such circumstances it could have lawfully proceeded, notwithstanding any claim of the receiver, to make its debt by execution,

levy and sale of defendant's property. 1 Black, Judgments, § 475. And this court held in *State, ex rel. Machinery Co., v. Superior Court*, 7 Wash. 77 ( 34 Pac. 430), that where a creditor has attached property, the court has no authority to direct a receiver appointed in an action other than the attachment suit to take possession of the attached property, as the attachment creditor has not only the right to have his debt paid out of the proceeds of such property, but to have the sheriff retain it intact in the meantime. The same doctrine was again announced in *State, ex rel. Hunt, v. Superior Court*, 8 Wash. 210 (35 Pac. 1089). But where the lien will still be preserved, the receiver may be allowed, under some circumstances, to take possession of the property thereby affected. *State, ex rel. Schwabacher Bros. & Co., v. Superior Court, ante*, p. 63.

It is not claimed or suggested that there was any irregularity in the proceedings which culminated in the sale, and our conclusion is that, upon the showing made, the appellant is entitled to a deed from the sheriff.

The judgment is reversed and the cause remanded with directions to dismiss the petition.

HOYT, C. J., and GORDON, J., concur.