## WHEATON v. DAILY TELEGRAPH CO.

(Circuit Court of Appeals, Second Circuit. July 1, 1903.)

### No. 171.

1. CORPORATIONS—INSOLVENCY—RECEIVERS—ACTION BY STOCKHOLDER — MARSHALING ASSETS—PARTIES.

Where a bank to which an insolvent corporation was indebted was not a party to an action by a stockholder for the administration of the corporation's assets, it was error for the court to direct the bank to pay over to the receiver of the corporation the amount of the corporation's deposits with the bank pending a determination of the bank's rights to set off such deposit against the corporation's debt.

2. SAME—RIGHT OF SET-OFF.

Where, at the time of the appointment of a receiver for a corporation, it was indebted to a bank in a sum largely exceeding the amount of the corporation's deposit, the bank was entitled to set off such deposit against the corporation's indebtedness to it.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Kneeland Moore, for appellant.

Chas. W. Gould, for appellee.

Before WALLACE, TOWNSEND, and COXE, Circuit Judges.

WALLACE, Circuit Judge. This is an appeal by the New Amsterdam National Bank from an order made in the above-entitled cause requiring it to pay over to the receiver of the defendant, the Daily Telegraph Company, a sum of money alleged to be the balance of a deposit account. The receiver was appointed in an equity suit brought by a stockholder of the Daily Telegraph Company in behalf of all the stockholders and creditors of the company to administer its assets. The company had kept a bank account with the New Amsterdam National Bank, and at the time when the suit was commenced the account showed a balance in its favor of about $2,000 arising from the moneys it had deposited over those it had drawn out. The bank alleges that at the time it held and owned a note of the company for $6,500, which was then due and payable. It refused to pay the balance of the de-

¶ 2. See Banks and Banking, vol. 6, Cent. Dig. § 353.

posit account to the receiver upon the contention that it was entitled to apply that balance towards the payment of the note. It resisted the application for the order, as well in respect to the nature of the remedy invoked as upon the merits of the receiver's claim. The order requiring it to pay over to the receiver seems to have proceeded upon the theory that primarily the receiver was entitled to the custody of the fund, and if it should ultimately appear that the bank was entitled to retain the amount, either as a payment or as a set-off against its note, the court would make restitution.

We think this an erroneous disposition of the matter. In an action like the present, to marshal and administer the assets of an insolvent corporation, it is optional with the plaintiff to join as parties defendant such persons as claim an adverse interest in assets in their possession alleged to belong to the corporation; and when this has been done, and a receiver has been appointed, the court upon hearing the parties will determine whether the custody of such assets shall, pending final decree, remain unchanged, or whether it shall be transferred to the receiver. Such a determination does not adjudicate or affect the ultimate rights of the parties; it extends only to the conservation of the assets until these rights are finally ascertained. Whether their custody shall be changed rests in the sound discretion of the court. If it should appear that the adverse claimants have a clear title to the assets, it would be an abuse of discretion to direct the custody to be surrendered to the receiver, and especially when because of the paucity of other assets they might become subjected to a lien for the expenses of administration. If, when the receiver is appointed, it is found that property alleged to belong to the corporation is in the possession of third persons who claim adverse title, and who have not been made parties to the action, the receiver cannot interfere with their possession. They are entitled to their day in court, and the receiver must proceed by suit in the ordinary way to try his right to the property, or the plaintiff must bring them in as parties to the action, and apply to have the receivership extended to the property in their hands. The power of a court to proceed summarily against a person who has disturbed the custody of its receiver, and which is usually exercised by an order for restitution upon the application of the receiver or of the plaintiff in the action, and by punishment for contempt upon refusal to comply with the order, is undoubted; but this exercise of the authority of the court to protect its own possession is not to be confounded with the exercise of jurisdiction over persons claiming adverse rights in property which has never been in the custody of the court. As the New Amsterdam National Bank has never had its day in court, the order of the court below was unauthorized, and could not support a proceeding for contempt. Parker v. Browning, 8 Paige, 388, 35 Am. Dec. 717; Albany City Bank v. Schermerhorn, 9 Paige, 372, 38 Am. Dec. 551; Searles v. Railway Co., 2 Woods, 621, Fed. Cas. No. 12,586; Thompson v. Smith, 1 Dill. 458, Fed. Cas. No. 13,977; Terrell v. Allison, 21 Wall. 289, 292, 22 L. Ed. 634; Howard v. Railway Co., 101 U. S. 837, 848, 25 L. Ed. 1081.

Even if the bank had been a party to the suit, we think it would have been an erroneous exercise of judicial discretion to require it

to pay over the money to the receiver. The facts alleged by the bank in opposition to the application of the receiver were practically undisputed. If they are true it had a right to retain the money, and the probability of a final decree to the contrary was too remote to justify wresting the fund from the bank pending a final decree, and possibly subjecting it to a lien for expenses.

The order is reversed, with costs.