[No. 4821.   Decided December 29, 1903.]

GILBERT P. KIDDER, *as Receiver of the Independent Lumber Company, Respondent,* v. AVERILL BEAVERS *et al., Appellants.*[1]

CHATTEL MORTGAGE—FORECLOSURE—RIGHT TO CONTEST—COMPLAINT—SUFFICIENCY. A complaint by the receiver of an insolvent corporation to restrain the foreclosure of a chattel mortgage by sheriff's notice, under Bal. Code, § 5876, authorizing any party interested to contest the right to foreclose as well as the amount due, is demurrable for want of sufficient facts when it merely states that the receiver, after diligent inquiry, is unable to state whether the mortgage is valid, or how much of the debt is due, and desires to contest the same, without alleging facts showing that the mortgagee had no right to foreclose, or that the amount claimed is not due.

SAME—FRAUDULENT SALE BY OFFICERS OF CORPORATION. In such a case, the fact that the officers of the company had fraudulently sold the property to third persons, who were in possession, does not warrant the court in restraining the foreclosure where the mortgage was valid and past due.

SAME—RECEIVERS—LEAVE OF COURT TO FORECLOSE CHATTEL MORTGAGE. A mortgagee of personal property belonging to an insolvent corporation in the hands of a receiver is not required to obtain leave of court to foreclose the mortgage by sheriff's notice, where the property is in the possession of third persons claiming to have purchased it, and the receiver had never been in actual or constructive possession thereof.

RECEIVERS—RIGHT TO POSSESSION OF PROPERTY—CHATTEL MORTGAGES. Where a receiver of an insolvent corporation claims an interest in mortgaged chattels which were never in the possession of the corporation, he can acquire possession only by one of the methods that might have been pursued by the corporation; and the mortgagee, if a stranger to the action, may seize any property not in the possession of the receiver.

Appeal from an order of the superior court for King county, Bell, J., entered June 9, 1903, restraining the

[1]Reported in 74 Pac. 819.

defendants from foreclosing a chattel mortgage, after a hearing upon affidavits of plaintiff's application for an injunction. Reversed.

*James A. Snoddy (I. D. McCutcheon,* of counsel), for appellants.

*Peters & Powell,* for respondent.

Mount, J.—On September 16, 1902, one George E. King was the owner, and in possession, of certain personal property. On that date he executed and delivered to one Eva Stevenson his certain promissory notes, and, to secure the same, executed a chattel mortgage upon the property above referred to. Two days later appellant Beavers became the owner and holder of said notes and mortgage. On December 22, 1902, said mortgage was filed for record. On May 7, 1903, default having been made in the payment of the notes, appellant Beavers caused a part of the property described in the mortgage to be taken by appellant Cudihee, as sheriff of King county, to be sold under statutory notice. Subsequent to the giving of the mortgage referred to, the mortgagor sold the property to the Independent Lumber Company, a corporation, which subsequently parted with the possession of the property. On May 6, 1903, respondent was appointed general receiver of the Independent Lumber Company, but had not taken possession of any of the property described in appellant's mortgage at the time when appellant Cudihee seized the same. On May 16 the respondent filed in the superior court of King county a complaint as follows, omitting the title:

"(1) That heretofore, in a cause then pending in the above entitled court, wherein W. L. Venable was plaintiff and the Independent Lumber Company and others were defendants, this plaintiff was appointed receiver to take

possession of, by suit or otherwise, all the property of said Independent Lumber Company, an insolvent corporation.

"(2)  That the defendant Averill Beavers is proceeding to sell, by notice through the sheriff of King County, certain personal property in said county, to-wit, One black stallion; one gray horse; one bright bay mare; one bay horse named Ned; one bay horse named Jim; one bay horse named Ginger; one 3¼ inch skein wagon, Bain make; one set of double work-harness and two sets double buggy harness; under an alleged mortgage, claimed to be given by the said George E. King and C. S. King to one Eva Stevenson, and by her assigned to said Averill Beavers, upon which there is said to be due three hundred (300) dollars and some interest; which said sale is noted to be held by the sheriff in the city of Seattle, at ten o'clock on Monday morning, May 8th, next; and the said sheriff, under and in pursuance of the request of said Beavers, is proceeding to sell, and will sell, the same unless enjoined by this court.

"(3)  That the Independent Lumber Company is the owner of the horses and chattels above named, and their value is, as this receiver is informed and verily believes, largely in excess of the amount of the mortgage debt, interest and costs, and of to-wit, about six hundred (600) dollars.

"(4)  That affiant is unable to learn from the officers or stockholders of the Independent Lumber Company whether or not said mortgage and mortgage debt are valid or not; and as to how much, if anything, is due upon said debt, although he has made diligent inquiry in regard thereto, and he desires to contest the same, and that, if the mortgage is valid and the debt such as the mortgage claims it to be, either this receiver may be able to redeem said property from other assets of the estate, or can sell said property to a better advantage so as to realize more for the creditors of the Independent Lumber Company, if said claim is settled in the receivership proceedings aforesaid, than if the property is sold in the above summary manner.

"(5)    That affiant notified the attorney of the said Beavers, who had charge of the matter for him, and notified in writing the sheriff, Edward Cudihee, immediately before the institution of these proceedings to sell said property, of the claim and interest of this receiver therein, and demanded of the sheriff not to take said property; but he, the said sheriff, against the will of the receiver, took possession of said property, and unless restrained herein will sell said property, and the same will be scattered and impossible to trace.

"Wherefore the plaintiff prays that the defendant Averill Beavers, and the defendant sheriff, and all of his deputies and agents, be enjoined from foreclosing his mortgage or selling the property aforesaid in the manner aforesaid, but that he be required to present his claim, and have his rights adjudicated in the receivership proceedings in the above case; and that the said defendant show cause before this court on Monday morning, May 18, 1903, at 9:30 o'clock, why an injunction should not issue in the premises pending suit, and that in the meanwhile they, the defendants, and their agents, be restrained in the premises. And for such other and further relief as to the court may seem meet."

On the filing of this complaint, a temporary restraining order was issued without notice, citing appellants to appear on May 18, 1903, and show cause why an injunction *pendente lite* should not issue.   Said appellants appeared at the time fixed, and demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   This demurrer was denied, and the cause continued until May 22, 1903, for a further showing.    On this latter date affidavits were filed, both by appellants and respondent, and a hearing had thereon. On June 1, 1903, appellants filed an answer denying all the allegations of the complaint, and, as an affirmative defense, set up the facts substantially as stated in the beginning of this opinion.   Subsequently, on June 9,

1903, without further evidence than that contained in the affidavits above referred to, the court made the following order, omitting the formal parts:

"This cause coming on now to be heard upon the order of this court requiring the defendants to show cause why they should not be enjoined from an attempted foreclosure by notice of an alleged chattel mortgage upon certain personal property set out in plaintiff's application, and defendant having appeared in person and by his attorney, Mr. James A. Snoddy, plaintiff appearing by his attorneys, Peters & Powell, and the court having heard and considered the facts presented by affidavits on the part of both parties and the arguments of counsel, and the court finding therefrom that the Independent Lumber Company, an insolvent corporation—now in the course of administration—has an interest in and title to said personal property, and that it would be a detriment and loss to the Independent Lumber Company, and its creditors, to permit the foreclosure or sale of said property under the summary process of sale by sheriff on notice now attempted by the defendants, wherein the rights of the parties cannot be tried out under process of law;

"Now, it is ordered and adjudged, that the defendant, Averill Beavers, his agents and all claiming under him, and the sheriff, Edward Cudihee, his deputies and all those acting under him, be and they are here enjoined from further proceedings in the attempted sale by notice of said personal property named in the plaintiff's complaint, and being to-wit: four horses and a wagon and harness, all or any part of it, purporting to be that included in an alleged chattel mortgage from George E. King to Eva Stevenson, and assigned to the said Averill Beavers, or alleged to be, which said sheriff had advertised to be sold on May 18th, 1903, and the said parties, and all of them, are also enjoined from in any manner interfering with the possession of said receiver, Gilbert P. Kidder, in said property, and it is further ordered and adjudged that the plaintiff have judgment herein against the defendant Averill Beavers for his costs herein to be taxed."

From this order the defendants appeal.

Three assignmnets of error are made as follows: that the court erred, (1) in issuing the temporary order, (2) in overruling the demurrer, and (3) in entering final judgment. The questions presented by the first two assignments go to the sufficiency of the complaint. There is no allegation in the complaint to show that the Independent Lumber Company was the owner of the property described, at the time the mortgage was given thereon; nor is there any allegation of any other facts showing that the mortgagee had no right to foreclose his mortgage or that the amount claimed was not justly due thereon. It is true, plaintiff alleges that he desires to contest the mortgage for the reason that, after diligent inquiry of the officers and stockholders of the Independent Lumber Company, he is unable to state whether or not the mortgage and debt are valid, and how much is due thereon. Chapter 1 of Title 33, Bal. Code, provides for the foreclosure of chattel mortgages by notice and sale, as appellant was doing. § 5876 is as follows:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any person interested in so doing, and the proceedings may be transferred to the superior court, for which purpose an injunction may issue if necessary."

But this section does not mean that any person interested may simply say to the superior court that he desires to contest such mortgage because the mortgaged property is largely in excess of the mortgage debt, and he does not know that the mortgage is valid, or how much is due upon the debt, and is unable to find out about these facts, and thereupon the proceedings must be transferred to the superior court. The purpose of the statute is to prevent unjust foreclosures by notice and sale, where any person interested sets up the facts showing that the mortgagee has no

right to foreclose, or that the amount claimed is not due or owing upon the debt. *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35. Tested by this rule the complaint was insufficient.

It is claimed by respondent that the appellant was not authorized to maintain the proceedings to foreclose his chattel mortgage by suit or attachment against the receiver, without first obtaining leave to do so from the court appointing him; citing *Brown v. Rauch,* 1 Wash. 497, 20 Pac. 785; *Meeker v. Sprague,* 5 Wash. 242, 31 Pac. 628; *Blake v. Savings Bank,* 12 Wash. 619, 41 Pac. 909. This position is, no doubt, correct where the receiver is in actual or constructive possession of the mortgaged property. In such cases his possession may not be disturbed without leave of the court. But there is no allegation in the complaint that the receiver was in possession of the property at the time the sheriff took the same, or that the Independent Lumber Company ever had possession thereof. It is true, there is an allegation that the Independent Lumber Company is the owner of the property, but it does not follow from this allegation that that company, or the receiver, was in possession thereof, either actually or constructively, at the time the sheriff seized it. It may be true that the Independent Lumber Company was the owner, and still the receiver would not be entitled to the possession thereof. This court in *State ex rel. Arthur Mach. Co. v. Superior Court,* 7 Wash. 77, 34 Pac. 430; *State ex rel. Hunt v. Superior Court,* 8 Wash. 210, 35 Pac. 1087, 25 L. R. A. 354; and *Cherry v. Western Wash. I. E. Co.,* 11 Wash. 586, 40 Pac. 136, held that a receiver was not authorized to take possession of the property of an insolvent corporation where possession thereof had been taken under attachment or exe-

41-33 WASH.

cution prior to the appointment of a receiver. It was said in the last named case:

"It is not alleged that either the sheriff or appellant took any property from the possession of the receiver which was rightfully in his possession, or in any way impeded or hindered him in the discharge of his duties; . . ."

It was necessary to allege these facts before the court could interfere, upon the ground claimed, with the sale of the property by the mortgagee. These facts not being alleged in the complaint, it was not sufficient to support an order upon such ground. The complaint was not sufficient to support the order upon either ground claimed by respondent, and the lower court therefore erred in overruling the demurrer.

It appears from the affidavits filed at the hearing of the application for the restraining order, that the plaintiff's mortgage is a valid lien upon the property therein described, except two horses and a wagon not seized by the sheriff, and that the amount claimed was long past due; that, subsequent to making the mortgages, the mortgagor sold a part of the property therein described to the Independent Lumber Company; and that, therafter, certain of the officers of the Lumber Company sold such property to third persons, who were in possession thereof at the time the sheriff seized the same under the chattel mortgage foreclosure proceedings. It is not claimed by the respondent that the Lumber Company was in possession of any part of the property at the time he was appointed, or that he had ever taken charge of any of the property described by the mortgage. The receiver, however, claims that the sales made by the officers of the Lumber Company were fraudulent and void, and that therefore the creditors of the Lumber Company still have an interest in the property. This claim being established,

it does not follow that the court may make an order such as the one appealed from. This fact would show that the receiver had an *interest* in the property, and therefore under the statute, § 5876, *supra,* he might contest the right of the mortgagee to foreclose, as well as the amount claimed to be due, the same as any other individual might do. His appointment as receiver of the Lumber Company gave him possession of all the property of the corporation which it had at the time of the appointment. He took only such rights as the corporation had at that time. Beach on Receivers, § 2818 (Alderson's ed.); High on Receivers, § 138 (3d ed.); *Cherry v. Western Wash. I. E. Co., supra.*

Since the corporation was neither in the actual nor constructive possession of the property in dispute, the receiver, by his appointment, took no greater right than a right to acquire possession in one of the methods which might have been pursued by the corporation itself, had a receiver not been appointed. This appellant was a stranger to the action in which the receiver was appointed; he was therefore privileged to seize any property described in his mortgage, not in the possession of the receiver. The remedy of the receiver, under the facts shown, was the same as that of any individual interested in the foreclosure. Before he could contest the foreclosure he must allege the facts, as hereinbefore stated.

Upon the showing made, there was no ground for a restraining order. The judgment and order appealed from are therefore reversed, and the cause remanded with instructions to the lower court to sustain the demurrer, with leave to the respondent to amend his complaint within a reasonable time to be fixed, if he desires to do so. Appellants to recover costs.

FULLERTON, C. J., and HADLEY, DUNBAR, and ANDERS, JJ., concur.