## FIDELITY & DEPOSIT CO. OF MARYLAND v. JOHNSON et al.

(District Court, E. D. Michigan, S. D.   August, 1921.)

No. 360.

1. **Receivers ⬤⇒72—May recover property from adverse claimant only by plenary suit.**

   The appointment of a receiver for a defendant does not vest him with the right to possession of property then in the actual possession of a stranger to the cause, claiming in good faith such right of possession adversely to defendant and those claiming under him, and the question of the right of possession as between him and the receiver cannot be determined by a summary proceeding in the cause.

2. **Bailment ⬤⇒18(4)—Possessory lien lost by causing levy of attachment.**

   One having a lien on property dependent on possession, as for labor or materials furnished in its repair, loses such lien by causing an attachment on the property and surrendering possession to the attaching officer.

In Equity.  Suit by the Fidelity & Deposit Company of Maryland against W. B. Johnson, alias Cowboy Bill, and others.  Petition by receiver against John T. Perry.  Petition granted.

J. Frank Wilson, of Port Huron, Mich., for petitioner.

John Breining and Shirley Stewart, both of Port Huron, Mich., for respondent.

TUTTLE, District Judge.  This is a summary proceeding, brought by the receiver of the assets of the defendants herein, previously appointed by this court in this cause, against the respondent, one John T. Perry, to enforce, by summary order of this court, a claimed right of possession of a certain motorboat and gasoline engine, alleged to be wrongfully withheld from the possession of the petitioner.

The material facts, which are undisputed, are as follows:  Prior to the time of the appointment of petitioner as receiver herein, the respondent, while in actual possession of the said boat and engine, claiming an artisan's lien thereon under the laws of the state of Michigan, for his charges for repairing and caring for such boat, had caused an attachment to be levied thereon in an action instituted by him against the owner thereof, who is one of the defendants herein, in one of the state courts, for the recovery of the charges mentioned.  Upon the appointment of petitioner as receiver, he intervened, as such receiver, in said action in the state court, and obtained an order dissolving the writ of attachment therein because such writ had been improperly levied.  The action in that court was thereupon discontinued by the plaintiff therein, the present respondent.  The property involved was at all of the times mentioned, and still is, on the premises of the respondent, although upon the levying of the attachment by the sheriff the latter assumed possession thereof under the writ, taking from respondent a receipt therefor.  The order dissolving the attachment contained no provision relative to the delivery of possession or other disposition of the property, and it does not appear that the sheriff

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

has done any act to indicate such a delivery or other disposition of the property by him. Immediately upon the entry of such order, petitioner made an attempt to take actual possession of the property, but was prevented by respondent from doing so on the ground that he had a right of lien on said property because of labor and materials furnished by him in repairing and caring therefor, prior to the time of the appointment of petitioner as receiver. Thereupon petitioner filed in this cause, in which he had been appointed receiver, his petition, praying for an order directing the respondent—

"to desist from further interference with the receiver in taking possession of the said property, or to show cause, if any there be, why he should not be required to surrender or relinquish any claimed right of possession of said property to said receiver."

[1] The first question which naturally presents itself is whether this dispute concerning the right to possession of the property referred to can be determined in this summary proceeding, or whether petitioner is required to commence a plenary suit, in an appropriate court and proceeding, for the proper relief.

It is well settled that the proper remedy for enforcing a claim by a receiver of the right to the possession of property which at the time of the appointment of such receiver, is in the actual possession of an adverse claimant thereto is a plenary suit against such claimant, and not a summary proceeding in a cause to which adverse claimant is not a party. Wheaton v. Daily Telegraph Co., 124 Fed. 61, 59 C. C. A. 427 (C. C. A. 2); Horn v. Pere Marquette R. Co. (C. C. E. D. Mich.) 151 Fed. 626; Andrews v. Paschen, 67 Wis. 413, 30 N. W. 712; 34 Cyc. 213.

It is the contention of petitioner that his appointment as receiver operated, in legal effect, in the nature of an attachment upon this property, subject only to the prior attachment issued by the state court, and that when the latter was dissolved said property immediately came, in contemplation of law, into the possession of the receiver, who is now entitled to the aid of this court in preventing interference with such possession by respondent. No authority is cited, and this court has been able to find none, in support of such contention.

While the appointment of the receiver conferred on him the right to the possession of this property as against the owner and all persons claiming under him, which right petitioner could enforce by summary proceedings in this cause, such appointment did not necessarily vest in such receiver the right to possession of property then in the actual possession of a stranger to this cause, claiming, in good faith, such right of possession adversely to the owner and those claiming under him, and the question as to the right of possession, as between such adverse claimant and such receiver, could not be determined, against the objection of the claimant, in a summary proceeding like the one at bar. So, here, as the sheriff obtained his possession from, and by the act of, the respondent, the possession of that officer must be considered, as against the receiver, as that of an adverse claimant within the scope and meaning of the rule mentioned. Respondent,

however, has expressly waived any objection on the ground just considered, and consents that the question concerning the right to the possession of this property be determined, on its merits, by this court in this proceeding.

[2] The only question presented in this connection is whether the respondent, by causing the attachment to be levied on the property, lost his right of lien under which he held possession, just prior to the levy of such attachment. While the courts are not in complete accord on this question, I am satisfied that the correct rule, and that supported by the weight of authority, is that one having a lien on property dependent upon possession thereof (as a lien for the payment of charges for labor and materials devoted to the property is, of course, dependent) waives such lien by the act of causing an attachment to be levied on such property, as such act indicates an intention to surrender possession to the officer levying such attachment, and thereafter his position as plaintiff under the attachment is inconsistent with, and supersedes, his right to a lien on the same property. 17 Ruling Case Law, 606; 25 Cyc. 675; Citizens' Bank of Greenfield v. Dows, 68 Iowa, 460, 27 N. W. 459, and cases there cited. The respondent, then, having voluntarily parted with his possession of the property, which he had been holding under claim of a possessory lien thereon, thereby waived and lost such lien.

It follows that the prayer of the petition must be granted; and it is so ordered.