## NORTHERN PAC. RY. CO. v. FRANK WATERHOUSE & CO.

(District Court, W. D. Washington, N. D. March 3, 1922.)

1. **Corporations ⟨═⟩559(3)—Appointment of receiver does not affect entity of corporation which could still function as such.**

   The appointment of a receiver for a corporation did not affect the entity of the corporation, which could still function as such, except to interfere with property in possession of the receiver, and could carry on the defense of a suit instituted before the receiver was appointed. .

2. **Corporations ⟨═⟩560(4)—Possession of stock pledged before receivership not acquired by receiver.**

   The receiver of a corporation does not acquire possession of stock belonging to the corporation, which had been pledged by it to a bank before the receiver was appointed.

3. **Corporations ⟨═⟩123(1)—Delivery of stock to bank as security constitutes contract of pledge.**

   Delivering certificates of corporate stock by the corporation owning them to a bank as security for notes of the corporation constitutes a pledge of the stock and entitles the bank to retain possession until the conditions of the pledge are fulfilled.

4. **Receivers ⟨═⟩174(4)—Receiver appointed by federal court not granted leave to bring suit to enjoin enforcement of judgment properly rendered by state court before appointment.**

   The receiver of a corporation appointed by a federal court will not be granted leave to bring plenary suit in a state court to enjoin the enforcement of a judgment rendered by the state court in an action against the corporation begun before the receiver was appointed, whereby certificates of stock pledged by the corporation to a bank were subjected to the payment of the judgment. .

In Equity. Suit by the Northern Pacific Railway Company against Frank Waterhouse & Co. On application by receiver for permission to bring a plenary action in the state court to enjoin the enforcement of a judgment rendered by the state court. Permission denied. .

Bruce C. Shorts, of Seattle, Wash., for receiver.

Bausman, Oldham & Bullett, of Seattle, Wash., for pledgee, Seattle Nat. Bank.

NETERER, District Judge. It is admitted in the petition and at bar that the stock in controversy was delivered to the bank as security for the payment of the notes upon which the suit in the state court was prosecuted, and that the action was commenced long prior to the appointment of the receiver, and that judgment was entered after the appointment of the receiver for the sum of approximately $38,000, and the judgment declared a first lien upon the certificates of stock, and directed a sale of the stock to satisfy the judgment, together with interest at 6 per cent. The judgment was entered on the 18th of February. It further appears at bar that on the 23d of February the receiver was advised that the judgment had been entered by the attorneys for the bank. It further appeared that the plaintiff waived the stipulated attorney's fees in the note. This application was made to the court on the 27th of February.

[1, 2] The receiver asks permission to bring a plenary action in the state court, treating the judgment of the state court as rendered without jurisdiction so far as the receiver is concerned. The state court, unquestionably had jurisdiction. The appointment of the receiver did not affect the entity of the corporation. It still had corporate entity, and could function as such, except to interfere with property in possession of the receiver, and having been sued it could carry on the defense which it appears at bar it did. The receiver was never in possession of the stock. Denny v. Cole, 22 Wash. 372, 61 Pac. 38, 79 Am. St. Rep. 940, relied upon by the receiver, I think, is readily distinguished from the facts in this case. The Supreme Court of Washington in Cherry v. Western Washington Industrial Exposition Co., 11 Wash. 586, at page 589, 40 Pac. 136, at page 137, said:

"It is also admitted that the judgment was a lien on the real estate of the defendant, and if appellant had had no other right in or to the property in question than that dependent upon its judgment lien, such right would not have been affected by the appointment of the receiver. Under such circumstances it could have lawfully proceeded, notwithstanding, any claim of the receiver, to make its debt by execution, levy and sale of defendant's property. * * * And this court held, in State ex rel. Machinery Co. v. Superior Court, 7 Wash. 77, 34 Pac. 430, that where a creditor has attached property, the court has no authority to direct a receiver appointed in an action other than the attachment suit to take possession of the attached property, as the attachment creditor has not only the right to have his debt paid out of the proceeds of such property, but to have the sheriff retain it intact in the meantime. The same doctrine was again announced in State ex rel. Hunt v. Superior Court, 8 Wash. 210, 35 Pac. 1089."

In Kidder v. Beavers, 33 Wash. 635, at page 643, 74 Pac. 819, at page 821, in a proceeding to foreclose a mortgage of personal property belonging to an insolvent corporation in the hands of a receiver, but of which the receiver had no possession, held that it was not necessary to obtain leave of court to foreclose the mortgage by sheriff's notice, where the property is in possession of third persons claiming to have purchased it, and said:

"Since the corporation was neither in the actual nor constructive possession of the property in dispute, the receiver, by his appointment, took no greater right than a right to acquire possession in one of the methods which might have been pursued by the corporation itself, had a receiver not been appointed. This appellant was a stranger to the action in which the receiver was appointed; he was therefore privileged to seize any property described in his mortgage, not in the possession of the receiver. The remedy of the receiver, under the facts shown, was the same as that of any individual interested in the foreclosure. Before he could contest the foreclosure he must allege the facts, as hereinbefore stated."

This case is on "all fours" with the facts in this case, so far as the rights of the receiver are concerned, and is the last expression of the state court, and appears to be conclusive, and is in harmony with the holding in Cherry v. Western Washington et al., supra. The Circuit Court of Appeals in this circuit in International Banking Corporation v. Lynch, 269 Fed. 242, held that the appointment of a receiver for an insolvent corporation in a creditors' suit with order enjoining the interference with the receiver's possession did not deprive a pledgee of the corporation's security not a party to the suit, of the right to sell the

same in accordance with terms of the pledge, and cited In re Browne (D. C.) 104 Fed. 762, as follows:

"The pledgee has a special property in the thing pledged, which entitles him to the possession, to protect which he may maintain detinue, replevin, or trover, and the interest of the pledgor is not subject to execution"

—and also quoted from Jerome v. McCarter, 94 U. S. 734, at page 739 (21 L. Ed. 136):

"The position that the pledgees could not sell the pledge after the adjudication in bankruptcy is quite untenable. It is sustained by nothing in the Bankruptcy Act. The bonds were negotiable instruments. They passed by delivery, and even were there no expressed stipulation, in the contracts of pledge, that the pledgee might sell on default of the pledgor, such a right is presumable from the nature of the transaction. Certainly the Bankruptcy Act has taken away no right from a pledgee secured to him by his contract."

[3] These cases apply directly to the facts and this case, and are conclusive, where the defendant pledged the stock. The delivering of the certificates of stock by the defendant to the bank as security constitutes a contract of pledge, and the bank has a right to hold that until the conditions of the pledge are complied with.

[4] The pledgee in this case, instead of proceeding directly, instituted an action in the state court where the issue was being litigated by the defendant at the time the receiver was appointed, and this litigation was continued until the entry of judgment impressing a lien, and directing a sale, and it would be presumptuous of this court, under the facts, to now direct its receiver to bring a plenary action in the state court to enjoin the execution of the judgment of the state court. I readily realize that it would be easy as a matter of course, to grant an order directing the receiver to institute the suit, and thus pass it over to the state court, but that is not my duty. I would simply be putting up to the state court an issue without merit, and would entail useless expense.

The permission to sue, therefore, will be denied.